A99A1544. BRANTON v. THE STATE.
(522 SE2d 694)

MILLER, Judge.

Convicted of trafficking in cocaine, Roscoe Branton asserts as error the denial of his motion to suppress. He argues the search warrant was not supported by probable cause. Because the search warrant was supported by probable cause, we affirm.

To determine the existence of probable cause for the issuance of a search warrant, a court applies the "totality of the circumstances" analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). The sufficiency of an affidavit should be reviewed "to ensure that the magistrate had a substantial basis for concluding that probable cause existed." (Citation and punctuation omitted.) Id. at 238-239. The task of the issuing magistrate is to make a common sense decision whether, given all of the circumstances presented in the affidavit, including the veracity and basis of knowledge of the informant, there is a fair probability that evidence or contraband will be found in a particular place. Id. at 238; *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

The affidavit of the investigating officer, Lt. Boyette, contained the following information: He was contacted by Lt. Tanner, who received information from Lt. Stalvey that an informant, proven to be reliable to Lt. Stalvey in the past, discovered a package between the mattresses in a hotel room. Lt. Boyette then met with the informant who told him that within the last hour, he saw an "object approximately 6X8X2 [inches] wrapped in brown paper then wrapped with white adhesive tape with one end exposed." The informant also stated that he tasted the white powder in the package and

that it tasted very bitter. Lt. Boyette noted that in his experience, the bitter taste was consistent with that of cocaine and the packaging described by the informant was consistent with the packaging of cocaine-type products. The informant gave a detailed description of the occupants of the room and volunteered to retrieve the package, but Lt. Boyette advised him that a search warrant would be needed. Lt. Boyette also noted receiving information that individuals from Jacksonville, Florida, were bringing large quantities of cocaine into the Waycross area. At the officer's request, the informant obtained the hotel registration information, which revealed the room was registered to Branton's wife who was driving a vehicle displaying a Florida tag.

Branton contends the statement of the informant's reliability is hearsay and rumor because it was made by Lt. Stalvey to Lt. Tanner and adopted by the affiant, Lt. Boyette. But observations by fellow police officers in a common investigation are a reliable basis for a warrant applied for by one of their number, even if hearsay upon hearsay. *Lewis v. State*, 234 Ga. App. 873, 876 (1) (b) (508 SE2d 218) (1998); *Deal v. State*, 199 Ga. App. 184, 185 (1) (404 SE2d 343) (1991).

The statement that the informant is reliable, standing alone, is conclusory and cannot support a substantial basis for the magistrate to determine the existence of probable cause. *Pailette v. State*, 232 Ga. App. 274, 277 (501 SE2d 603) (1998). However, the magistrate could determine the informant's reliability through other indicia. *Clark v. State*, 212 Ga. App. 486, 488-489 (441 SE2d 885) (1994) (informant demonstrated reliability by meeting with investigator and participating in controlled purchase). Other indications of this informant's reliability or veracity included (a) his meeting face-to-face with Lt. Boyette, which showed the informant's willingness to put himself on the line and also gave the officer an opportunity to evaluate his demeanor and credibility; (b) his willingness to retrieve the package of suspected cocaine, which reflected a strong conviction that the cocaine was in the hotel room; (c) his obtaining the registration information for Branton's room, which showed he was not distancing himself from police and thus honestly believed in the information; and (d) Lt. Boyette's having received information that individuals from Jacksonville were bringing large quantities of cocaine into the area, which comported with Branton's automobile displaying a Florida tag.

Moreover, a deficiency in a showing of "veracity or reliability" may be compensated for by a strong showing as to "basis of knowledge." *Gates*, supra, 462 U. S. at 233. The informant's basis of knowledge is more than substantial. Based on what he saw within an hour of speaking to the officer, he not only described the precise location of the suspected package of cocaine, he described the approximate size

of the package, how it was wrapped, and the taste of its contents. The informant also gave a detailed description of Branton and his wife.

Because of the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, the resolution of close questions on the determination of probable cause for a warrant should favor validating the warrant. *Gates*, supra, 462 U. S. at 236; *Hand v. State*, 206 Ga. App. 501, 503 (3) (426 SE2d 18) (1992); *Adams v. State*, 201 Ga. App. 12, 14 (2) (410 SE2d 139) (1991); *Mincey v. State*, 180 Ga. App. 898, 900 (1) (350 SE2d 852) (1986). Under the totality of the circumstances, evidence supported the magistrate making a common sense decision that there was a fair probability that contraband would be found in Branton's hotel room. The trial court correctly denied the motion to suppress.

*Judgment affirmed. McMurray, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED SEPTEMBER 20, 1999.

*Lane & Crowe, Grayson P. Lane*, for appellant.
*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.