A02A1582. SHIVERS v. THE STATE.
(573 SE2d 494)

</div>

PHIPPS, Judge.

On October 13, 1999, Villa Rica police officers executed a search warrant issued earlier that day upon Scottie Shivers's residence and seized one gram of crack cocaine, packaged in four baggies and concealed in "CD cases." Shivers was charged with two counts of violating the Georgia Controlled Substances Act, by possessing cocaine and by possessing cocaine with the intent to distribute. His motion to suppress the evidence was denied, and a jury found him guilty of the possession count and not guilty of the other count. Shivers appeals, contending that his motion to suppress should have been granted because the warrant was not supported by probable cause. We agree and reverse. Shivers's remaining contention is rendered moot.

The affidavit presented as support for the warrant was sworn by Marc Griffith, then a detective with the Villa Rica Police Department. Griffith stated that based on police observations and numerous reports from unnamed informants, he believed that crack cocaine, other illegal drugs, and drug-related items would be found at Shivers's residence, in his vehicle, and on his person. Shivers contends that the warrant was improperly issued, contesting the reliability of the informants and their information and arguing that the information contained in the affidavit was stale.

A defendant may seek to suppress evidence seized during a war-

rant search if the warrant was not supported by probable cause.[1] Where the State seeks to establish probable cause through information provided by unidentified informants, the informants' veracity and basis of knowledge are "major considerations in the probable cause analysis."[2] An affidavit submitted in support of a search warrant must set forth sufficient *facts* from which the magistrate or judge can independently determine the reliability of both the information and the informant.[3] In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make

> a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for concluding" that probable cause existed.[4]

In the affidavit at issue here, Griffith first averred that the police department had received "complaints about Scottie Shivers selling illegal drugs." Without any information about the time or location of the alleged acts or the reliability of the informers, these complaints do not amount to probable cause that illegal drugs would be found at Shivers's home or any particular place.[5]

Second, Griffith averred that he and another law enforcement officer spoke with a "tipster" in September 1999 and that "[t]he tipster advised that he/she has purchased crack cocaine from Shivers before. The tipster advised that he/she has knowledge that Shivers hides crack cocaine in rain gutters outside of Shivers' residence and also hides crack cocaine in Compact Disc cases inside the residence." Griffith stated that the tipster was familiar to him and the other officer "from a prior arrest when the tipster was arrested for possession of crack cocaine" and that the "[t]ipster has provided general information in the past about another subject that was selling crack cocaine in Villa Rica. The subject that the tipster provided informa-

---

[1] OCGA § 17-5-30 (a) (2).

[2] (Citations and punctuation omitted.) *Kessler v. State*, 221 Ga. App. 368, 370 (471 SE2d 313) (1996).

[3] Id.

[4] (Citation and punctuation omitted.) *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984) (quoting *Illinois v. Gates*, 462 U. S. 213, 238 (103 SC 2317, 76 LE2d 527) (1983)).

[5] See *State v. Smalls*, 203 Ga. App. 283, 285-286 (2) (416 SE2d 531) (1992); *State v. White*, 196 Ga. App. 685, 686-687 (396 SE2d 601) (1990).

tion about in the past was arrested after a search warrant and crack cocaine was seized during the search warrant."

Because the tipster's statement that Shivers sold him crack cocaine lacked any indication of the date or location of any such transaction, it did not establish probable cause that contraband would be found at Shivers's residence or any other particular place. Further, even assuming that the tipster was reliable, his/her information in this case — that Shivers concealed crack cocaine at his residence — was not. The tipster's conclusory claim that "he/she has knowledge" of that information was not supported by any facts from which the judge could have independently determined the basis of the tipster's information. This tip therefore failed to establish probable cause.[6]

Third, Griffith averred that on October 1, 1999, he arrested a male subject for possession of marijuana and that the male subject told him that he had purchased $50 worth of crack cocaine earlier that evening from "Scott" at "Scott's" residence. He provided a physical description of "Scott." The male subject also stated that "Shivers" had told him that "the next time he comes back, he better be ready for a hair cut." Griffith recognized that the informant's description was consistent with Shivers. Further, his independent investigation confirmed that Shivers operated a barbershop out of his home.

Griffith acknowledged at the suppression hearing that he could not vouch for this informant's reliability. But even if an unidentified informant is not shown to be reliable, his tip may be proved reliable if portions of it are sufficiently corroborated by the police.[7] For the corroboration to be meaningful, the information must include a range of details relating to future actions of third parties not easily predicted[8] or similar information not available to the general public.[9]

Although the informant's details may have shown that he knew Shivers, the verification of such publicly available information was not sufficient to show that the informant was a credible source of information about Shivers's alleged criminal activity.[10] Further, Griffith testified at the suppression hearing that the male subject had told him that he was headed to buy more crack cocaine from Shivers.

---

[6] See *Kelleher v. State*, 185 Ga. App. 774, 777-778 (1) (365 SE2d 889) (1988) (affiant must place before the magistrate sufficient facts to enable the latter to make his own determination and not merely adopt the conclusions stated in affidavit); see generally *State v. Wesson*, 237 Ga. App. 789, 791-792 (516 SE2d 826) (1999) (tip failed to establish probable cause where "confidential informant may have been reliable, but his information in this case was not"; the tip contained no details or predictive information, and there was no showing that the confidential informant's tip was based on personal knowledge).

[7] Id.

[8] Id.

[9] *Robertson v. State*, 236 Ga. App. 68, 70 (510 SE2d 914) (1999).

[10] See *Wesson*, supra; *Robertson*, supra.

While that information about Shivers's future activities could have been corroborated, the police did not confirm the informant's prediction that Shivers would soon sell him the drug. This informant's tip failed to establish probable cause.[11]

Fourth, Griffith averred that on October 9, 1999, police officers observed a man walk from Shivers's residence and drive away. The officers stopped the car and found crack cocaine in the passenger's sock. The passenger later told Griffith during an interview that the driver had handed him the drug to hide when they noticed the police behind them.

This sequence of events amounted to no more than a mere suspicion that illegal drugs would be found at Shivers's residence. There was no indication that the observing officers saw the driver take contraband from Shivers's residence, and Griffith admitted at the suppression hearing that the driver said nothing at all about the crack cocaine. In addition, there was no showing that the passenger's information was reliable. No details given in the passenger's information were corroborated. When the information supplied by the informant is not corroborated, the issuing judge, in determining the reliability of the information and the informant, must look to see whether the informant himself was reliable.[12] This informant was untested. Thus, his uncorroborated information added nothing to the substance of the police officers' information.[13] Mere suspicion does not amount to probable cause.

Fifth, Griffith averred that he and another law enforcement officer smelled a "strong odor of burnt marijuana about Shivers' person" on October 11, 1999, when the officers "stopped by" Shivers's residence. At the suppression hearing, Griffith testified, "[Shivers] was out at his house and we pulled up talking to him." When a police officer is the informant, the informant is presumed reliable as a mat-

---

[11] See *Fiallo v. State*, 240 Ga. App. 278, 279 (523 SE2d 355) (1999) (merely confirming that the accused lives where the informant said he did is not sufficient corroboration of information regarding illegal activity); *Wesson*, supra (where agent testified that unnamed seller was not known to be reliable, the seller's statement that he had previously sold the accused drugs did not establish probable cause); *Robertson*, supra (minor corroboration regarding outward appearance of house and presence of a parked car was insufficient to show reliability); compare *Bellamy v. State*, 243 Ga. App. 575, 578 (1) (b) (530 SE2d 243) (2000) (not only did informant tell police about supplier's past behavior, he also agreed to set up a drug buy and allow police to listen on the telephone when the arrangements were made and directed police to the house where police observed a man walking into the woods to retrieve an item after the drug buy was arranged).

[12] *Fiallo*, supra.

[13] Id. at 278-279; accord *McGuire v. State*, 136 Ga. App. 271, 272-273 (2) (220 SE2d 769) (1975) (sighting of known drug users entering and leaving defendant's residence is insufficient for the issuance of a search warrant); compare *Atkins v. State*, 211 Ga. App. 712 (440 SE2d 476) (1994).

ter of law.[14] However, we find that the police detection nonetheless failed to establish probable cause for the search warrant.

The odor of marijuana is one factor that may be considered in determining whether, under the totality of the circumstances, probable cause exists to authorize the issuance of a search warrant.[15] The odor of burnt marijuana on Shivers's person may have indicated Shivers's past use of the drug or his presence in an area where the drug was used by another.[16] But that alone failed to establish probable cause that marijuana had been smoked or burned or would be found *within* Shivers's house or its curtilage.[17] There was no averment that the odor of burnt marijuana was emanating from anywhere other than Shivers's person, that Shivers had recently exited his house, or that marijuana was then or had recently been burned anywhere at his residence.

Turning to Shivers's claim of staleness, the proper procedure to determine whether information is stale is "to view the totality of the circumstances for indications of the existence of reasonable probability that the conditions referred to in the sworn testimony would continue to exist" at the time of the issuance of the search warrant."[18] There was a two-day delay between the detection of the odor of burnt marijuana on Shivers's person and the issuance and execution of the warrant. Yet there were no facts tending to show that the suspected use of the drug was not an isolated occurrence, but a continuous activity. Because there was nothing in the record to indicate that the marijuana, a consumable drug, would be found at Shivers's residence two days later when the warrant was issued and executed, the officer's inference that the detection of the odor of burnt marijuana emanating from Shivers's person, and not his residence, was sufficient to establish probable cause to search Shivers's residence two days later was unreasonable.[19]

---

[14] *McConville v. State*, 228 Ga. App. 463, 467 (2) (491 SE2d 900) (1997).

[15] See *Patman v. State*, 244 Ga. App. 833, 835 (537 SE2d 118) (2000).

[16] See id.

[17] Compare *Taylor v. State*, 254 Ga. App. 150, 151 (1) (561 SE2d 833) (2002) (officers had probable cause to suspect that marijuana was in the apartment, where officers smelled marijuana coming from the apartment and smelled marijuana on the clothes of two men as the two men were leaving the apartment, and there were complaints that marijuana was being smoked in the building).

[18] (Punctuation and footnote omitted.) *Carruthers v. State*, 272 Ga. 306, 313 (5) (528 SE2d 217) (2000).

[19] Compare *State v. Fossett*, 253 Ga. App. 791, 792-793 (1) (560 SE2d 351) (2002) (probable cause was established where officers detected strong odor of burning marijuana inside the residence and left to obtain a warrant to search the residence), with *McClain v. State*, 267 Ga. 378, 388 (11) (477 SE2d 814) (1996) (where warrant listed boots, clothes, and gun as items sought, it was held reasonable for the officer to infer that the accused would have returned such items to his residence after the crime); see also 2 LaFave, Search and Seizure (3rd ed. 1996), § 3.7 (a), p. 348 (noting that highly incriminating or consumable items are

· Even considering all of the relevant sworn testimony presented to the issuing judge, probable cause to authorize a search of Shivers's residence was not established. Regarding the numerous reports from unnamed informants, the most that can be said is that police officers were in possession of mere rumors circulating that Shivers was violating the drug laws. Mere rumors of criminal activity from sources not otherwise shown to be reliable do not establish probable cause sufficient to authorize a search warrant.[20] Nor was probable cause to search Shivers's residence established by police observations. The trial court should have granted Shivers's motion to suppress.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 1, 2002.

*Johnson, Word & Simmons, Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Charles M. Lane, Assistant District Attorney*, for appellee. ·

---

less likely to remain in one place as long as an item which is not consumable or which is innocuous in itself or not particularly incriminating).

[20] See *Polke v. State*, 203 Ga. App. 306, 308-309 (1) (417 SE2d 22) (1992).
[1] *Patterson v. State*, 244 Ga. App. 222-223 (535 SE2d 269) (2000).