## A02A2456. LAND v. THE STATE.
(578 SE2d 551)

RUFFIN, Presiding Judge.

On June 27, 2001, upon receiving a tip from a confidential informant, Forsyth County Sheriff's Department detectives executed a search warrant at the home of Jeffrey Lynn Land. During their search, the detectives found two bags of methamphetamine weighing a total of less than one gram, corners of plastic bags, digital scales, and two recipes for making methamphetamine. Land was arrested and handcuffed, and as he was being taken to the patrol car, he struggled with the detectives and attempted to kick them. A jury subsequently found Land guilty of possessing methamphetamine with the intent to distribute and obstructing a law enforcement officer. Land appeals, asserting that the trial court erred in denying his motion to suppress the evidence found inside his home and that the evidence produced at trial was insufficient to sustain his convictions.[1] We agree with both assertions and, therefore, reverse.

---

[1] Land also asserts that the trial court erred in charging the jury and in failing to grant a mistrial based on the prosecutor's improper closing argument. Because we reverse Land's convictions, it is unnecessary to address these arguments.

1. In his motion to suppress, Land argued that the search warrant was not supported by probable cause because it was issued based upon information provided by an informant, and neither the informant nor his information was shown to be reliable.

Under Georgia law,

[a] defendant may seek to suppress evidence seized during a warrant search if the warrant was not supported by probable cause. Where the State seeks to establish probable cause through information provided by unidentified informants, the informants' veracity and basis of knowledge are major considerations in the probable cause analysis. An affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant. In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[2]

In this case, the record discloses that the warrant application rested entirely on the affidavit of Detective John Thompson. Thompson stated in his affidavit "[t]hat within the past five (5) days of June 27, 2001, [he] met with a Confidential Informant [('CI')]." According to Thompson the "CI advised [him] that . . . while present at [Land's] residence[,] CI observed [Land] with a quantity of off white material identified to CI as being methamphetamine by Land. CI advised that while present at the residence, CI did observe Land sale [sic] methamphetamine." The informant described Land's home to Thompson, provided Land's address and telephone number, and stated that Land lived with his mother. Thompson verified that the described house was located at the address the informant provided. Thompson also reported that on November 14, 1996, and May 30, 1997, Land was arrested for possessing methamphetamine. Finally, Thompson stated that the informant had provided information in the

---

[2] (Punctuation, footnotes and emphasis omitted.) *Shivers v. State*, 258 Ga. App. 253-254 (573 SE2d 494) (2002).

past, which "led to the arrest of at least one (1) individual, to the execution of at least one (1) search warrant, and to the seizure of a quantity of methamphetamine and U. S. Currency." Based on this information, Thompson believed that Land's residence contained "a quantity of methamphetamine, U. S. Currency being the proceeds from the sale of methamphetamine, records depicting the sale of methamphetamine, and items/equipment used in the packaging and distribution of methamphetamine."

At the motion to suppress hearing, Thompson disclosed additional information that he failed to provide to the magistrate. Thompson testified that the informant told him the date of the methamphetamine sale he witnessed in Land's home, as well as the purchaser's name. The informant also told him where the contraband was located inside the home, but that too was omitted from the affidavit. Because this information was not provided to the magistrate, it cannot be used to assess whether the judge had a substantial basis for concluding that probable cause existed.[3]

As the sole evidence supporting the warrant, Thompson's affidavit suffers from numerous deficiencies, the most fatal of which share a common characteristic — the element of time. "Time is assuredly an element of the concept of probable cause."[4] In reviewing a search warrant application, the magistrate must inquire into whether "the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant."[5] If the prior circumstances relied on to establish probable cause have grown stale with time, they are unlikely to provide a reliable barometer of present criminal conduct.[6] This is not to say that "the precise date of an occurrence is . . . essential. . . ."[7] Furthermore, "[w]hen the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction."[8]

In this case, the evidence before the magistrate showed only a

---

[3] See *Lyons v. State*, 258 Ga. App. 9, 10 (572 SE2d 632) (2002). We note that Thompson also revealed at the hearing that, after the warrant was issued, the informant was paid $100 for providing the information. Although this fact was not included in the affidavit, Thompson explained at the hearing that he could not recall whether the agreement to pay the money existed before he applied for the warrant. If Thompson had any knowledge that the informant would be paid for his tip, that information should have been revealed in the affidavit to assist the magistrate in assessing the informant's reliability. See *Robertson v. State*, 236 Ga. App. 68, 70 (510 SE2d 914) (1999).

[4] *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984).

[5] Id.

[6] See *Shivers*, supra at 257; *State v. Newton*, 227 Ga. App. 394, 398 (6) (489 SE2d 147) (1997) (physical precedent only).

[7] *Luck*, supra.

[8] Id.

single, isolated transaction witnessed by the informant. But Thompson failed to provide any information about when that transaction occurred.[9] And, even if the magistrate considered Land's two prior drug arrests, there was no evidence of any prior convictions. Thus, the magistrate could conclude only that probable cause existed on two prior occasions, several years earlier. Omitted time references also precluded the magistrate from assessing whether the informant's past assistance was indicative of present reliability. Although Thompson's affidavit established that the informant had assisted law enforcement in the past, there is no indication of when that assistance was provided. Thus, the magistrate was left to speculate about the probative value of the informant's past assistance in determining whether he was still reliable at the time the warrant was issued.[10]

The informant's reliability was also not established by the information he provided about Land's home, address, telephone number, and living arrangements. Notwithstanding Detective Thompson's verification of this information, such corroboration did not prove the informant reliable — the same information was available to the general public. "For the corroboration to be meaningful, the information must include a range of details relating to future actions of third parties not easily predicted or similar information not available to the general public."[11]

Considering all these circumstances, we conclude that the magistrate did not have a substantial basis for determining that probable cause existed to search Land's home, and the trial court, therefore, erred in denying Land's motion to suppress.[12] And, because Land's conviction for possessing methamphetamine was wholly dependent on the erroneously admitted evidence, this conviction must be reversed.[13]

2. The trial court's erroneous ruling similarly infected Land's conviction for obstructing a law enforcement officer. "An essential element of the offense of obstruction of an officer is that the State prove beyond a reasonable doubt that the obstruction occurred while the officer was in 'the lawful discharge of his official duties.' "[14] Considering that all evidence of the contraband found in the house should

---

[9] See *Lyons*, supra at 12 (statement that informant had seen cocaine in the defendant's apartment " 'in the recent past' " insufficient to establish probable cause).

[10] See *Hockman v. State*, 226 Ga. App. 521, 523 (1) (487 SE2d 102) (1997) (physical precedent only) (warrant applicants should provide magistrate with facts about current circumstances that are relevant to informant's reliability); see also *Luck*, supra.

[11] (Footnote omitted.) *Shivers*, supra at 255; see *Lyons*, supra at 11-12.

[12] See *Shivers*, supra at 258; *Lyons*, supra at 12; see also OCGA § 17-5-30 (a) (2).

[13] See *Lyons*, supra.

[14] *Woodward v. State*, 219 Ga. App. 329, 330 (1) (465 SE2d 511) (1995); see also *Brown v. State*, 240 Ga. App. 321, 322 (523 SE2d 333) (1999); OCGA § 16-10-24 (b).

have been suppressed and that the detectives gained entry to Land's residence using an invalid search warrant, it follows that there is no proof that the officers were authorized to arrest Land.[15] Without such evidence, the State could not establish that the detectives were lawfully discharging their official duties. "As there is no [admissible] evidence showing [Land's] arrest was lawful, [he] had the right to resist with all force necessary for that purpose. Accordingly, the conviction of [Land] for the offense of obstruction of a law enforcement officer was not authorized by the evidence."[16]

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED FEBRUARY 25, 2003.

*Jeffrey S. Purvis*, for appellant.
*Philip C. Smith, District Attorney, Rand J. Csehy, Assistant District Attorney*, for appellee.

---

[15] See *Woodward*, supra.
[16] (Citation and punctuation omitted.) Id. at 331.