A03A1550. THE STATE v. BRANTLEY.

(589 SE2d 716)

BARNES, Judge.

The State appeals the trial court's grant of Damonne Brantley's motion to suppress items seized from his residence. The State contends that the trial court erred in finding that no probable cause existed for the issuance of a search warrant. For the reasons that follow, we conclude the trial court committed no reversible error and affirm.

In reviewing a trial court's ruling on a motion to suppress, we defer to the trial court's factual findings unless they are clearly erroneous. See *Baker v. State*, 256 Ga. App. 75, 76 (567 SE2d 738) (2002). In this case, the facts are largely undisputed, and we review the application of the law to the facts de novo. *State v. Thompson*, 256 Ga. App. 188 (569 SE2d 254) (2002). "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. [Cits.]" *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). When a defendant moves to suppress evidence based on an illegal search, the State bears the burden of proving that the search was lawful. *State v. Jones*, 245 Ga. App. 763, 765 (2) (538 SE2d 819) (2000).

So viewed, the evidence shows that on October 14, 2001, two automobile passengers were struck by gunshots from a white van

[14] Id.; see *Merritt v. State*, 254 Ga. App. 788, 791 (2) (564 SE2d 3) (2002).
[15] *Broski*, supra at 118.

traveling nearby. One of the victims identified the driver of the van as Brantley. Following a "Be on the Lookout" bulletin, the van was found abandoned. The van was rented in Brantley's name with a Detroit, Michigan address. Police recovered a Glock 9mm magazine, among other things, from the van. An arrest warrant was issued for Brantley as a party to the aggravated assault, and the fugitive squad was assigned to locate and arrest him.

On December 16, 2001, an informant told police that Brantley was back in town and gave them the address of a townhouse where he was believed to be staying. The townhouse was owned by Brantley's brother, but police were also informed that Brantley had rented a Buick Park Avenue from a local rental agency. On December 17, the automobile was seen parked at the townhouse where Brantley was believed to be staying. Police observed Brantley going in and out of the residence. On December 18, police placed the house under surveillance, and dispatched an officer to obtain a search warrant. Before the officer returned with the warrant, police saw Brantley leaving the townhouse and arrested him. The search warrant was, in fact, signed minutes after Brantley was arrested, and the officer who obtained the warrant was notified of Brantley's arrest en route to the residence. Brantley was in custody when the police executed the warrant two hours later. The police recovered seven firearms, over $70,000 cash, and various documents from the townhouse.

Brantley was charged with two counts of aggravated assault with a deadly weapon, two counts of aggravated assault, cruelty to children, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Brantley filed a motion to suppress items recovered from the townhouse, arguing that the State failed to show a nexus between the items to be seized, evidence of the earlier aggravated assault, and the townhouse. The trial court granted the motion, finding that "there is no probable cause to believe that there is [sic] any weapons or evidence in that dwelling 60 days after the event, and where with no other objective data other than he has been identified as being in a car where aggravated assault occurred 60 days before."

A search warrant must be supported by probable cause, or reasonable grounds, to believe that evidence of a crime will be found in a particular place. *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984).

> In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying

hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Punctuation and footnote omitted.) *Shivers v. State*, 258 Ga. App. 253, 254 (573 SE2d 494) (2002). Where the State fails to show any connection between the items sought and the place to be searched, however, there are no reasonable grounds for the search. See *State v. Toney*, 215 Ga. App. 64, 65-66 (449 SE2d 892) (1994).

The affidavit at issue, in pertinent part, stated:

Brantley has an active warrant for his arrest issued by Atlanta Police Department Detective Peek. Brantley's warrant is for aggravated assault and was issued for a shooting incident which occurred on October 14, 2001. In this incident, Brantley is accused of shooting three (3) individuals, striking two of the individuals. . . . During the incident, the vehicle driven by Brantley was recovered by the Atlanta Police Department. The vehicle was a rental vehicle that was rented to Brantley. A Glock magazine was recovered from this vehicle. The weapon involved in this incident was not recovered. . . .

On this date, December 18, 2001, at approximately 7:15 a.m., your affiant and DUSM Ergas along with other law enforcement officers with the Metro Fugitive Squad were conducting surveillance in the area of 3475 Oak Valley Drive, Unit 20, Atlanta, Georgia 30326. This address is within Fulton County. Metro Fugitive Squad law enforcement units are currently at the above location conducting surveillance. Investigation revealed that this address is currently owned by Leonard Brantley, who is known to be the brother of Demonne [sic] Brantley. . . .

Currently located in parking space number 92 is a 2001 Buick Park Avenue, four door sedan, silver in color, bearing a Missouri license plate. . . . The vehicle was rented on December 9, 2001 and was paid for with a credit card issued in the name of Demonne [sic] Brantley. . . .

As a result of the above described facts and circumstances, your affiant has probable cause to believe that contained within the residential dwelling at 3475 Oak Valley Drive, Unit 20, Atlanta, Georgia 30326, as previously described, there to be the body of Demonne [sic] Andre Brantley, information in the form of pictures, address book,

utility bills, phone records, cellular phone records pertaining to the whereabouts of Demonne [sic] Brantley, firearms, specifically a Glock type handgun, ammunition and the records of the purchase of firearms or ammunition.

In this case, as the trial court noted, the State failed to establish any link between Brantley's brother's townhouse and the crime that occurred two months earlier. There was no evidence presented that Brantley lived at the townhouse before or during the time the crime occurred. There was no evidence that he may have visited the townhouse at some point in October when the crime occurred. And while the police received information from unspecified sources that Brantley may have been the actual owner of the townhouse, the documents tying Brantley to the townhouse were discovered after the warrant was executed. Likewise, the magazine found in the van the night of the crime did not match either of the Glocks found in the townhouse.

Further, while it is certainly reasonable for an officer to presume that one committing a crime will return to his home afterward, perhaps leaving incriminating evidence there, *McClain v. State*, 267 Ga. 378, 388-389 (11) (477 SE2d 814) (1996), "[t]ime is assuredly an element of the concept of probable cause." (Punctuation and footnote omitted.) *Land v. State*, 259 Ga. App. 860, 862 (1) (578 SE2d 551) (2003). Here, Brantley returned to what may or may not have been his townhouse two months after the crime. "If the prior circumstances relied on to establish probable cause have grown stale with time, they are unlikely to provide a reliable barometer of present criminal conduct." (Footnote omitted.) Id.

Accordingly, given these circumstances, we conclude that the trial court did not err in finding that the magistrate did not have a substantial basis for determining that probable cause existed to search the townhouse and in granting Brantley's motion to suppress.

Following oral argument, the State filed a brief entitled "State's Post-Argument Reply Brief." Because this reply brief was not timely filed and filed without leave of the court, appellee's motion to strike this brief is granted. See Court of Appeals Rule 26.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 14, 2003.

*Paul L. Howard, Jr., District Attorney, Kimberly Staten-Hayes, Marc A. Mallon, Assistant District Attorneys,* for appellant.
*Steven H. Sadow, Lisa T. Greenfield,* for appellee.