## A06A1482. THE STATE v. DONALDSON.
### (635 SE2d 345)

MIKELL, Judge.

Keith Donaldson was indicted for trafficking in cocaine and possession of a firearm during the commission of a felony. The trial court granted his motion to suppress, finding that the affidavit given in support of the search warrant failed to establish the reliability of the confidential informant. The state appeals, contending that the affidavit created sufficient probable cause for the issuance of the warrant. We agree and reverse the order granting Donaldson's motion to suppress.

> In deciding whether an affidavit creates sufficient probable cause for the issuance of a warrant, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[1]

A presumption of validity attaches to an affidavit supporting a search warrant.[2] Further, "doubtful cases should be resolved in favor of upholding search warrants."[3] Finally, "we give great deference to the magistrate's determination of probable cause."[4]

In the case at bar, the magistrate found probable cause to issue the search warrant based on an affidavit submitted by special agent Robert Kyle Nelms of the Tri-Cities Narcotics Task Force. Nelms averred that he had been contacted within the previous 24 hours by agent Hammett of the federal Drug Enforcement Administration; that Hammett was contacted by a concerned citizen, who stated that while working in the residence at 3407 New Gold Trace in Union City installing a closed-circuit television in the master bedroom, two African-American men walked into the room; that one of the men was known to the citizen as Keith; that Keith was carrying a backpack from which he pulled out what the citizen believed was a kilogram of cocaine based on its packaging and size; that the citizen was familiar with cocaine and its distribution because he had once been a user; that Keith also had a digital scale and plastic bags; that once the men noticed the citizen, they quickly gathered the materials and went into the bathroom; that the citizen saw Keith and a second man make an exchange of money for a package of what appeared to be cocaine; that the citizen left the residence a short time later and called Hammett; and that the citizen indicated that he had been an informant for the Cartersville police department. Hammett then contacted officer McCain of that department, who confirmed that the citizen was a confidential informant, had been deemed reliable, and "has given information

---

[1] (Footnote omitted.) *Copeland v. State*, 273 Ga. App. 850 (1) (a) (616 SE2d 189) (2005).

[2] *Ledbetter v. State*, 190 Ga. App. 843, 844 (1) (380 SE2d 313) (1989).

[3] *Dearing v. State*, 233 Ga. App. 630, 633 (505 SE2d 485) (1998); see also *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996) ("The resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.") (citation and punctuation omitted).

[4] (Citation omitted.) *Browner v. State*, 265 Ga. App. 788, 789 (1) (595 SE2d 610) (2004).

that was always verified and the information had resulted in multiple arrests." Based on this information, the magistrate issued a search warrant for the residence. The ensuing search of Donaldson's residence yielded 327.97 grams of cocaine, numerous bundles of currency, a firearm, ammunition, scales, and other drug paraphernalia.

At the hearing on the motion to suppress, Nelms testified on cross-examination that he interviewed the informant before writing the warrant and presenting it to the judge. That information, however, was not in the affidavit. Nelms also admitted that the information provided by the informant was not corroborated before the warrant was signed.

In granting the motion to suppress, the trial court ruled that the statement in the affidavit that the Cartersville police had deemed the informant reliable was conclusory because it was not supported by information regarding when or how the informant had assisted the police. Relying on *Land v. State*,[5] the court determined that any conclusion concerning the informant's present reliability based on his past assistance to the police was speculative, such that the affidavit was insufficient to establish the informant's reliability. The court also found that the police did not take any steps to corroborate the information in order to establish its reliability.[6] On appeal from an order granting or denying a motion to suppress, "the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review."[7]

As noted in *Land*, where the state seeks to establish probable cause with information from an unidentified source, "the informant['s] veracity and basis of knowledge are major considerations in the probable cause analysis."[8] But

> [t]he sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the totality of the circumstances surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. A deficiency in one

---

[5] 259 Ga. App. 860 (578 SE2d 551) (2003).

[6] See *Copeland*, supra at 851 (1) (a) ("[i]f an unidentified informant is not shown to be reliable, his tip may be proved reliable if portions of it are sufficiently corroborated by the police") (punctuation and footnote omitted).

[7] (Citation and punctuation omitted.) *State v. Davison*, 280 Ga. 84, 85 (1) (623 SE2d 500) (2005).

[8] *Land*, supra at 861 (1).

may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.[9]

The affidavit in *Land*, unlike in the case at bar, lacked sufficient detail to provide the magistrate with the basis of the informant's knowledge. In that case, the detective/affiant stated that he received information from an informant within the previous five days that the informant had observed the defendant at his residence with a quantity of methamphetamine and witnessed the defendant sell methamphetamine.[10] The affidavit reported the dates of the defendant's two prior arrests for possessing methamphetamine, some years earlier, and stated that the informant had reported information in the past which had led to at least one arrest and the execution of one search warrant.[11] A warrant was issued, resulting in the seizure of less than one gram of methamphetamine.[12] At the suppression hearing, the detective provided considerably greater detail, such as the date of the sale, the purchaser's name, and the location of the contraband in the residence, but none of that information was given in the affidavit, and so it could not be used to assess whether the magistrate had a substantial basis for concluding that probable cause existed.[13] We concluded that the circumstances described in the affidavit were stale, and that "[o]mitted time references also precluded the magistrate from assessing whether the informant's past assistance was indicative of present reliability."[14]

Thus, the affidavit in *Land* suffered fatal deficiencies, particularly with respect to time, that are not present in the affidavit in the case at bar. Here, the affidavit states that the informant contacted DEA agent Hammett a "short" time after leaving Donaldson's residence and that Hammett contacted affiant, agent Nelms, within 24 hours prior to the presentation of the affidavit and warrant to the magistrate. "[T]he inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant."[15] Here, unlike in *Land*, the magistrate had sufficient information to evaluate the timeliness of

---

[9] (Punctuation omitted.) *Thomas v. State*, 208 Ga. App. 476-477 (2) (430 SE2d 849) (1993).
[10] *Land*, supra at 861 (1).
[11] Id. at 861-862 (1).
[12] Id. at 860.
[13] Id. at 862 (1).
[14] Id. at 862, 863 (1).
[15] (Punctuation and footnote omitted.) *Copeland*, supra at 853 (1) (a).

the informant's observation of the cocaine.[16] Based on the totality of the circumstances, the affidavit provided sufficient indicators that drugs might still be in Donaldson's residence.

Furthermore, in the case at bar, unlike in *Land*, the affidavit makes a strong showing as to the basis of the informant's knowledge. "[A] deficiency in a showing of 'veracity or reliability' may be compensated for by a strong showing as to ' "basis of knowledge." ' "[17] The informant provided Donaldson's first name, the precise location of the contraband in the residence, the quantity of contraband, the manner of packaging, and details as to sales the informant witnessed therein. The factual information regarding the basis of the informant's knowledge thus compensated for any deficiency in detail regarding the informant's reliability.[18] Therefore, we conclude that the trial court erred in relying on *Land*, and that the totality of the information provided in the affidavit supported the magistrate's common-sense decision that there was a fair probability that cocaine might be found at Donaldson's residence.

*Judgment reversed. Blackburn, P. J., and Adams, J., concur.*

DECIDED AUGUST 10, 2006.

*Paul L. Howard, Jr., District Attorney, Ayana C. Curry, Assistant District Attorney*, for appellant.
*Averick Walker, Dolly M. Fairclough*, for appellee.

---

[16] See id. See also *Sanders v. State*, 252 Ga. App. 609, 610-611 (1) (556 SE2d 505) (2001) (affidavit sufficient where it stated that informant saw marijuana in defendant's residence within the past 72 hours).

[17] (Citation omitted.) *Branton v. State*, 240 Ga. App. 106, 107 (522 SE2d 694) (1999) (physical precedent only) (affidavit sufficient where informant described the precise location of the suspected package of cocaine, size of the package, how it was wrapped, and the taste of its contents).

[18] See id. at 107-108.