A07A0778. ST. FLEUR v. THE STATE.
(649 SE2d 817)

ADAMS, Judge.

Following the execution of a search warrant at the residence where he lived, Edward St. Fleur was arrested and subsequently indicted for the offenses of possession with intent to distribute

---

cocaine and possession with intent to distribute marijuana.[1] The trial court denied his motions to suppress and to reveal the identity of a confidential informant, but certified its order for immediate review. We granted St. Fleur's application for interlocutory appeal, and this appeal followed.

1. *Motion to suppress*. St. Fleur argues that the search warrant was not supported by probable cause.

The affidavit in support of the search warrant contained the following pertinent information:

> Your affiant is [Investigator] Alonzo Bell who is a member of the Richmond County Sheriff's Office and has been so employed for the past 6 years. Within the past 24 hours, this affiant has been in contact with a co-operating source who was found to be in possession of an amount of marijuana. The source further indicated that they have been in the target residence within the past 48 hours and have purchased an amount of marijuana from Fleur. The source also stated that they had been purchasing varying amounts of marijuana from Fleur approximately 2 to 3 times per week. Within the last 12 hours, this affiant monitored a phone conversation between Fleur and the source. During the conversation, the source attempted to arrange the purchase of an amount of marijuana from Fleur. Fleur stated to the source that he did have marijuana at the residence; however, he was not at the residence at this time and would not return until later. Within the last 12 h[ou]rs[,] this affiant monitored another conversation between Fleur and the source. During the conversation, Fleur again stated that he was still not at the residence and would call the source to come to the target residence to pick up the marijuana upon his arrival. . . .

In cases such as this,

> [w]here the State seeks to establish probable cause through information provided by unidentified informants, the informants' veracity and basis of knowledge are "major considerations in the probable cause analysis." [*Kessler v. State*, 221 Ga. App. 368, 370 (471 SE2d 313) (1996).] An affidavit submitted in support of a search warrant must set forth sufficient *facts* from which the magistrate or judge can

---

[1] St. Fleur's girlfriend, Marie Antoinette Taylor, was also indicted for these offenses, but she is not a party to this appeal.

independently determine the reliability of both the information and the informant. [Id.] In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for concluding" that probable cause existed. [*State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984) (quoting *Illinois v. Gates*, 462 U. S. 213, 238 (103 SC 2317, 76 LE2d 527) (1983)).]

(Emphasis in original.) *Shivers v. State*, 258 Ga. App. 253, 254 (573 SE2d 494) (2002).

The State concedes "that the informant was not a reliable confidential informant as the informant had never previously provided information to the investigator, and the investigator had only come into contact with the informant when he arrested him for possession of illegal drugs," but goes on to argue that the additional information in the investigator's affidavit provided sufficient corroboration of the tip to support the issuance of the search warrant. It is true that

even if an officer cannot provide information regarding the veracity of an informant or the basis of his knowledge, a tip may be prove[n] reliable if portions of the tip are sufficiently corroborated. Meaningful corroboration requires the information to include a range of details relating to future actions of third parties not easily predicted.

(Punctuation and footnotes omitted.) *Bragg v. State*, 249 Ga. App. 430, 432 (2) (548 SE2d 121) (2001).

The State cites *Bellamy v. State*, 243 Ga. App. 575 (530 SE2d 243) (2000) in support of its contention that the information provided by the informant in this case was sufficiently corroborated. In that case, a man who had been arrested for possession of drugs agreed to act as an informant for police. He told police the first name of his supplier and offered to set up a drug buy. He also provided a physical description and location of the house where he went to get the drugs. The informant allowed officers to listen in as he arranged a drug buy. The source told the informant to come to the house in an hour to pick up the drugs. The target location was placed under surveillance,

during which time activity was observed which corroborated information provided by the informant concerning where the drugs were sometimes kept and was consistent with the arranged drug buy. Id. at 577-578.

In this case, the investigator testified that the informant, who had been identified by another source, was arrested with drugs in his possession. Prior to that time, the informant was unknown to the investigator, as apparently was the situation in *Bellamy*. When he was arrested, the informant told the investigator that he had purchased drugs from "Ed" at the target location. The informant agreed to call "Ed" and let the investigator listen in as he arranged a buy. However, in this case, unlike in *Bellamy*, no definite time was set for a drug buy and no drug transaction or other activity that corroborated the information given by the informant was observed at the residence prior to the issuance of the warrant. The State acknowledges this difference, but argues the telephone conversations the investigator overheard provided the necessary corroboration. But the investigator admitted on cross-examination that he took no steps to verify that the person to whom the informant was speaking was in fact St. Fleur or that the number the informant was calling was connected to St. Fleur or the target residence.[2] And although the investigator stated that the person to whom the informant was speaking made reference to the drugs being at "home," and that the informant could come to get them there when he got back in town, the investigator also testified that "[he] did not know where the address was until the source actually showed me the residence," and there is nothing in the affidavit to indicate that St. Fleur was actually observed at the residence prior to the issuance of the warrant. Cf. *Bellamy*, 243 Ga. App. 575 (defendants observed at the residence prior to the issuance of the warrant). Moreover, the fact that the informant and "Ed" talked about a drug buy in the future did not supply the necessary corroboration since no steps were taken toward actually conducting the transaction and thus this information remained unconfirmed. *Shivers*, 258 Ga. App. at 256 (police did not confirm the informant's prediction that suspect would soon sell drugs to the informant); *Fiallo v. State*, 240 Ga. App. 278, 279 (523 SE2d 355) (1999) (information given by the informant was "untested"); cf. *Smith v. State*, 237 Ga. App. 616, 619 (2) (516 SE2d 319) (1999) (drug buy arranged by informant and police observed suspect act in accordance with instructions). "Appellate courts have consistently recognized the value of corroborating the details of a tip by independent police work. [Cits.]

---

[2] The officer testified that after the warrant was executed he did pull up the informant's phone number on St. Fleur's cell phone.

The police in this case failed to independently investigate the seller's tip in order to corroborate the information. [Cit.]" *State v. Wesson*, 237 Ga. App. 789, 792 (516 SE2d 826) (1999). Based on the foregoing, we conclude that the magistrate did not have a substantial basis for determining that probable cause existed to search the home where St. Fleur resided.[3] The trial court thus erred in denying St. Fleur's motion to suppress.

2. Because of our holding in Division 1, it is unnecessary to address St. Fleur's contention that the trial court also erred by denying his motion to reveal the identity of the confidential informant.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 12, 2007.

*Robert Kenner, Jr.*, for appellant.

*Daniel J. Craig, District Attorney, Anthony M. Nicastro, Henry W. Syms, Jr., Assistant District Attorneys*, for appellee.

---

[3] The affidavit also provided that St. Fleur had been arrested for possession of marijuana on two previous occasions, although no dates were given for the arrests. But "there was no evidence of any prior convictions. Thus, the magistrate could conclude only that probable cause existed on two prior occasions, [dates unknown]." *Land v. State*, 259 Ga. App. 860, 863 (1) (578 SE2d 551) (2003).