## A09A0754. CHAMBLISS v. THE STATE.
(679 SE2d 831)

SMITH, Presiding Judge.

After a bench trial, Henry Franklin Chambliss was convicted of possession of methamphetamine.[1] He appeals from the judgment of conviction and sentence, asserting error in the denial of his motion to suppress and the general grounds. Finding no error, we affirm.

1. Chambliss asserts that the trial court should have granted his motion to suppress evidence obtained during the execution of a search warrant at his home, contending that the affidavit presented to the magistrate by law enforcement was inadequate to support the warrant and that no exigent circumstances existed. We disagree.

An investigator with the Decatur County sheriff's office testified that the Decatur County Department of Family and Children Services ("DFACS") contacted the sheriff's office with information that a methamphetamine lab was being run in Chambliss's home in the presence of a six-year-old child. DFACS had received a telephone call from an anonymous individual who had been in the home and seen "all of the materials" used for the manufacture of methamphet-

---

[1] Chambliss was acquitted of manufacture of methamphetamine, permitting a child's presence during the manufacture of methamphetamine, possession of anhydrous ammonia, possession of pseudoephedrine, possession of drug related objects, and possession of less than one ounce of marijuana. A guilty verdict on possession of a firearm during the commission of a crime was later vacated.

amine. The informant also stated that the parents allowed the child to play unattended near the road. Officers went to the home to attempt to speak with the parents, but no one was home and the detective left. After the detective returned to his office but while other officers were still on the scene, Chambliss's wife arrived with the six-year-old child and refused permission to search.[2]

After he returned to his office, the detective also spoke to a lieutenant in the sheriff's office, who informed him that Chambliss had been under federal investigation in connection with a major methamphetamine ring in the previous year and that law enforcement at that time placed him under surveillance and had identified his residence. The lieutenant stated that Chambliss "has been known by law enforcement for the past few years as a methamphetamine dealer, user, and manufacturer." He also added that this information was consistent with "numerous" anonymous tips received by the sheriff's office that Chambliss was manufacturing methamphetamine at his residence.

> In determining whether probable cause exists for the issuance of a search warrant, the magistrate's task is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. This Court's review of the magistrate's decision is limited to determining if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. Substantial deference is afforded to a magistrate's decision to issue a search warrant based on a finding of probable cause.

(Citations and punctuation omitted.) *Smith v. State*, 274 Ga. App. 106, 107 (1) (616 SE2d 868) (2005). And "a presumption of validity attaches to an affidavit supporting a search warrant. Further, doubtful cases should be resolved in favor of upholding search warrants." (Citations, punctuation and footnotes omitted.) *State v. Donaldson*, 281 Ga. App. 51, 52 (635 SE2d 345) (2006). Finally, "[w]e review the contents of the affidavit in the light most favorable to uphold the ruling of the trial court. [Cit.]" *Powers v. State*, 261 Ga. App. 296, 302 (4) (582 SE2d 237) (2003).

"Local law enforcement officers participating in a common

---

[2] The child was taken into custody by court order and transported to a hospital emergency room for unspecified treatment.

investigation are reliable informants. Information provided by police officers, arising out of an official investigation, may be used to establish probable cause for a search warrant." (Citations and punctuation omitted.) *Caffo v. State*, 247 Ga. 751, 754-755 (2) (b) (279 SE2d 678) (1981). The same is also true of DFACS personnel. *Smith*, supra, 274 Ga. App. at 108-109 (1).

The report to DFACS was not made to police and was not a typical "drug tip," as the tipster's primary concern appeared to be the neglect of the six-year-old child, who was also reportedly allowed to play alone near a busy road. The officer who sought the warrant testified that his initial and primary concern was the welfare of the child. Although Chambliss asserts this is meaningless because the child was taken into protective custody before the warrant was issued, that does not affect the relative reliability of the initial complaint to DFACS. In addition, "a magistrate may consider a police officer's knowledge of a suspect's reputation when deciding whether to issue a search warrant." (Citation omitted.) *Powers*, supra, 261 Ga. App. at 302, n. 10, citing *Caffo*, supra, 247 Ga. at 755 (2) (c).

Multiple tips from confidential informants which are consistent with each other and with police investigation may constitute corroboration. "Each informant's tip was consistent with information received from the other informants. In addition, affiant's own investigation corroborated the information supplied by the informants." *State v. Stephens*, 252 Ga. 181, 183 (311 SE2d 823) (1984) (adopting "practical, common-sense approach to the requirement of probable cause" established in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983)). See also *Powers*, supra, 261 Ga. App. at 302-303.

Chambliss complains that the information in the application was stale. The initial information, however, was given to DFACS on a Friday and transmitted to the sheriff's office on the following Wednesday, the same day that the search warrant was obtained. In addition,

the proper procedure is to view the totality of the circumstances for indications of the existence of reasonable probability that the conditions referred to in the sworn testimony would continue to exist at the time of the issuance of the search warrant. The mere passage of time does not equate with staleness.

(Citations and punctuation omitted.) *State v. Graddy*, 262 Ga. App. 98, 103 (3) (585 SE2d 147) (2003). See also *Rocha v. State*, 284 Ga. App. 852, 854 (644 SE2d 921) (2007) (information of drug activity

not stale when observed for approximately one week, eight days before issuance of the warrant); *Hightower v. State*, 205 Ga. App. 305, 306-307 (1) (422 SE2d 28) (1992) (information not stale when drugs purchased in May, informant saw drug activity on premises first week of October, and warrant issued October 19).

This was not a case of mere possession or sale of drugs, where it could be anticipated that the product would be used or sold within a short period of time. Here, the information received from multiple sources indicated a long-term involvement in the manufacture of the drug and therefore a likelihood that the equipment for its production would remain in place over time. See *Perkins v. State*, 197 Ga. App. 577, 579 (1) (398 SE2d 702) (1990) ("When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction. (Cit.)") (citation and punctuation omitted).

As in *Powers*, supra,

> [a]lthough the affidavit in this case did not state specific facts to demonstrate the veracity of the informants and concerned citizens or the basis of their knowledge, the absence of significant information regarding reliability is not necessarily fatal to an affidavit. Even without the information about the unnamed sources, the affidavit provided ample support for the magistrate's finding of probable cause under the totality of the circumstances test.

(Citations and punctuation omitted.) 261 Ga. App. at 303 (4).

Under the totality of the circumstances presented here, the magistrate was authorized to make a pragmatic, commonsense judgment that there was a fair probability that a search of Chambliss's residence would produce evidence of the manufacture of methamphetamine. The trial court therefore did not err in denying Chambliss's motion to suppress.

2. Chambliss also asserts the general grounds. We find the evidence sufficient to uphold the convictions under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Whitaker v. State*, 286 Ga. App. 143-145 (1) (648 SE2d 396) (2007); *Facille v. State*, 265 Ga. App. 443-444 (594 SE2d 680) (2004).

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED JUNE 10, 2009

*Robert R. McLendon IV, Gilbert J. Murrah*, for appellant.

*Joseph K. Mulholland, District Attorney*, for appellee.