## A11A0536. PASS v. THE STATE.
### (710 SE2d 641)

MIKELL, Judge.

Following the denial of his motion to suppress, Christopher Edward Pass was convicted at a bench trial of theft by receiving, possession of marijuana with intent to distribute, and possession of cocaine. He argues on appeal that the trial court erred in denying his motion to suppress evidence because (1) the affidavit submitted in support of the warrant did not establish probable cause, and (2) the warrant was invalid because the affidavit was not left at the searched premises. We affirm.

1. Pass contends that the trial court erred in denying his motion to suppress because the magistrate lacked probable cause to issue the warrant.

> A search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed. The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The trial court may then examine the issue as a first level of review, guided by the Fourth Amendment's strong preference for searches conducted pursuant to a warrant, and the principle that substantial deference must be accorded a magistrate's decision to issue a search warrant based on a finding of probable cause. A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.[1]

On appeal from the denial of a motion to suppress, we review the affidavit in the light most favorable to the trial court's ruling,[2] according "great deference to the magistrate's determination of probable cause."[3]

The affidavit in the case at bar was submitted on March 30,

---

[1] (Citations and punctuation omitted.) *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009).

[2] *Chambliss v. State*, 298 Ga. App. 293, 294 (1) (679 SE2d 831) (2009).

[3] (Punctuation and footnote omitted.) *State v. Donaldson*, 281 Ga. App. 51, 52 (635 SE2d 345) (2006).

2009, by investigator Andy Smith of the Gainesville/Hall County Gang Task Force. Smith averred that between March 22 and March 29, 2009, he was contacted by an informant known as "IT," who reported that he observed a quantity of marijuana in possession of "Elmo" at a specific address in Flowery Branch; that the Task Force gave IT $100 to purchase marijuana from Elmo; that another investigator, Amerling, transported IT to the premises, where IT made the buy; that afterward, IT handed the marijuana to Amerling; and that Smith considered IT "true and reliable" and his information "truthful and correct" as a result of the drug buy. Smith further averred that IT had had the opportunity to observe quantities of marijuana and was familiar with the use and distribution of marijuana and other controlled substances; that Smith had known IT for one week and IT had been truthful during that time; that IT was providing information on at least five other drug investigations; that IT had not been promised any reward in exchange for information; that during the course of Smith's independent investigation, IT provided Smith with a description of, and detailed directions to, the premises to be searched, rode with Smith to the premises, and stated that Elmo lived with a woman named "Jeannie." Smith observed a car at the location and ran the tag, which returned to Jeannie Massey. Further investigation revealed that Massey owned the premises.

At the hearing on the motion to suppress, Smith testified that the search warrant was executed on March 31, 2009. As a result of the search, officers seized marijuana, crack cocaine, cash, digital scales, and firearms, among other things. After reading Pass his *Miranda* rights, Pass confirmed that he was nicknamed "Elmo." Smith testified that he left a copy of the warrant at the premises but did not attach the affidavit because it contained information regarding his informant. Smith also indicated that his investigation revealed nothing other than what was stated in the affidavit.

Pass argues that the affidavit contained insufficient facts either demonstrating IT's reliability or corroborating the information provided by IT and thus failed to establish probable cause to issue the warrant.[4] Pass contends that the informant was not reliable because he had not previously supplied information to law enforcement.[5] However, "the absence of significant information regarding

---

[4] See *State v. McKendree*, 188 Ga. App. 290, 291 (372 SE2d 673) (1988) (When the informant is unnamed, "the affidavit must set forth sufficient *facts* from which the magistrate or judge can *independently* determine the reliability of both the information and the informant.") (citation and punctuation omitted; emphasis in original).

[5] See *St. Fleur v. State*, 286 Ga. App. 564, 566-567 (649 SE2d 817) (2007) (no probable cause because informant's tip was not corroborated).

442

reliability is not necessarily fatal to an affidavit" submitted in support of a search warrant.[6] In this regard, "a controlled buy strongly corroborates the reliability of the informant."[7] Here, the affidavit reveals that the informant participated in a drug buy using law enforcement funds. An officer transported the informant to the premises where the informant made the purchase, and the informant provided the purchased contraband to the officer. Pass argues that the affidavit does not show that the drug buy was sufficiently "controlled" because it does not state that law enforcement kept the informant under constant surveillance or searched the informant before and after the buy to ensure that he had no contraband or money on him.[8] While the absence of these factual assertions may render the case doubtful or marginal, our Supreme Court has cautioned that "[e]ven doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper."[9] Under the totality of the circumstances, the magistrate had a substantial basis for concluding that there was a fair probability contraband would be found at the specified residence.[10] The trial court did not err in denying the motion to suppress on this ground.

2. Pass next argues that Smith's failure to leave the affidavit establishing probable cause rendered the warrant invalid. We disagree.

The Fourth Amendment to the United States Constitution states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[11] In *Groh v. Ramirez*,[12] the United States Supreme Court held that the particularity requirement was not met by a warrant that did not, on

---

[6] (Citation omitted.) *Chambliss*, supra at 296 (1).

[7] (Citation omitted.) *Palmer*, supra at 79.

[8] See, e.g., *Brown v. State*, 244 Ga. App. 440, 442 (1) (535 SE2d 785) (2000).

[9] (Citation and punctuation omitted.) *Palmer*, supra ("Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.") (citation omitted). Id. at 77-78.

[10] *Ibekilo v. State*, 277 Ga. App. 384, 385 (1) (626 SE2d 592) (2006) (" '[E]ven if the informant had no known credibility, the controlled buy conducted under the observation of the officer alone, would have been sufficient to establish probable cause.' "); *Garmon v. State*, 269 Ga. App. 795, 796 (1) (a) (605 SE2d 606) (2004) (same). Compare *Fiallo v. State*, 240 Ga. App. 278-279 (523 SE2d 355) (1999) (No probable cause existed to issue warrant because agent testified that he did not consider informant to be reliable and affiant's statement that the informant had "made a purchase of cocaine at the residence within the past 72 hours for Affiant" was insufficient corroboration.) (punctuation omitted).

[11] U. S. Const. Amend. 4. See also Ga. Const. Art. I, Sec. I, Par. XIII: "no warrant shall issue except upon probable cause supported by oath or affirmation particularly describing the place or places to be searched and the persons or things to be seized."

[12] 540 U. S. 551 (124 SC 1284, 157 LE2d 1068) (2004).

its face, specify the particularized details, because the warrant neither incorporated a supporting application or affidavit by reference and such document did not "accompany" the warrant at the time of the search.[13] In light of *Groh*, we held in *Battle v. State*[14] that "where a search warrant fails to meet the particularity requirement on its face but instead incorporates a supporting document by reference, failure to leave a copy of that supporting document at the searched premises invalidates the warrant."[15]

The warrant in the case at bar satisfies the particularity requirement on its face. Specifically, the warrant lists the address of the place to be searched and contains a description of the home. The warrant also lists items to be seized, including marijuana, weighing devices, and other paraphernalia used in the distribution of drugs. Therefore, the fact that Smith did not leave a copy of the affidavit with the warrant at the premises did not render the warrant invalid.

Nevertheless, Pass argues that the holding in *Groh* should be extended to require a showing of probable cause on the face of the warrant or in an affidavit either incorporated therein by reference or attached thereto. Pass does not cite a case directly on point, and our research reveals none. Moreover, Pass's argument is not persuasive because "a magistrate may consider sworn oral testimony in addition to the contents of an affidavit when deciding whether there is probable cause to issue a search warrant."[16] If probable cause may be established in part by oral testimony, then it does not logically follow from *Groh* that the absence of facts establishing probable cause on the face of a warrant renders it constitutionally defective.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED APRIL 27, 2011.

*Guy E. Davis, Jr.*, for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.

---

[13] Id. at 557-558 (II).

[14] 275 Ga. App. 301 (620 SE2d 506) (2005).

[15] Id. at 303.

[16] (Citation omitted.) *Tabb v. State*, 250 Ga. 317, 321 (2) (b), n. 5 (297 SE2d 227) (1982); accord *Felix v. State*, 241 Ga. App. 323, 324 (2) (526 SE2d 637) (1999).