A03A2108. BATTLE v. THE STATE.
(597 SE2d 417)

MIKELL, Judge.

We granted Frank Battle, Sr.'s application for interlocutory review of the order denying his motion to suppress evidence seized pursuant to an insurance fraud investigation to clarify that, under *Franks v. State,*[1] the failure to leave a copy of the supporting affidavit at the searched premises does not render the warrant void. In addition, because the affidavit in the case at bar established probable

[1] 240 Ga. App. 685 (524 SE2d 545) (1999).

cause to search Battle's premises, we affirm the trial court's order.

1. We first dispense with Battle's attack upon the trial court's factual findings. Three principles guide our review of the court's judgment of the facts.

First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to the questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[2]

Viewed in its proper light, the evidence adduced at the hearing on the motion to suppress shows that Agent J. Ronnie Webb of the State Board of Workers' Compensation ("Board") was assigned to investigate a complaint that Battle had fraudulently accepted workers' compensation insurance premiums without procuring the policy for which payment had been submitted. Agent Webb presented a four-page affidavit in support of a search warrant to the magistrate judge. In the affidavit, Webb recited that he had received a complaint from an attorney whose client was hurt on the job; that the attorney learned that the client's employer was uninsured; that a Board compliance officer interviewed the employer, who stated that he had insurance through Frank Battle & Associates; that a check of the Board's files revealed that the employer was uninsured; that the employer showed the officer receipts for cash and checks payable to Battle for insurance premiums; that upon learning that Battle had defrauded this employer, Agent Webb contacted the Georgia State Office of Insurance and Fire Safety Commissioner and learned that a second complaint had been lodged against Battle; that Agent Webb interviewed the complainant, who produced receipts for checks given to Battle in payment of a workers' compensation insurance policy that he failed to procure; that the complainant discovered the fraud when his employee was hurt on the job; that both employers were recent immigrants, and it appeared that Battle was taking advantage of their lack of knowledge and sophistication; and that based on Agent Webb's investigation, probable cause existed to believe that

---

[2] (Footnote omitted.) *Stanford v. State*, 251 Ga. App. 87, 88-89 (1) (553 SE2d 622) (2001).

Battle was conducting an insurance fraud scheme. Agent Webb testified that he signed the affidavit on August 28, 2001, in the magistrate's presence, and that the magistrate signed the affidavit as well.

Agent Webb further testified that he prepared a second affidavit in support of a warrant to seize the computers in Battle's office, but the magistrate indicated that an additional affidavit was not needed because the computers were covered by the prior warrant. Agent Webb testified that the second affidavit omitted the probable cause information; that a few days after the search, Battle's lawyer called him and requested a copy of the warrant; that Agent Webb sent him the warrant but not the detailed affidavit because he did "not want to afford [Battle] the opportunity to intimidate or bribe or coerce any of the people who had provided . . . information against him."

On cross-examination, Agent Webb testified that he did not recall that counsel requested a copy of the affidavit, but he might have sent him the second affidavit. He stated that he would never send a defense attorney a copy of the probable cause affidavit without first consulting with the district attorney.

The head of the criminal division of the magistrate court clerk's office, Christine Wiggins, testified that no additional documents could be placed in the file with the warrant or return unless dated and initialed by a magistrate, that the officer who obtains the warrant never has the original affidavit in his possession after it is submitted to the judge, and that it is impossible to remove an affidavit from the file and replace it with another one.

Associate Magistrate Judge Imogene Walker, who issued the warrant, testified that she had no independent recollection of either affidavit. However, Judge Walker also testified that she had never seen an affidavit as long as four pages.

Based on this evidence, the trial court found that Agent Webb had presented the four-page affidavit to Judge Walker; that Judge Walker witnessed Agent Webb's signature and signed the affidavit; and that each page of the search warrant was numbered, initialed by Judge Walker, and certified by the magistrate court; and that the affidavit provided probable cause for the issuance of the warrant.

Battle argues that the trial court's findings of fact are clearly erroneous. In this regard, he contends that Agent Webb was impeached by the magistrate's testimony and that the evidence fails to show that the four-page affidavit was the one presented to the magistrate. We disagree. Copies of both affidavits prepared by Agent Webb are included in the record on appeal, and only the four-page affidavit is initialed by Judge Walker and certified by the clerk of the

magistrate court. The other affidavit bears no initials or stamps.[3] This evidence supports Agent Webb's testimony as well as the trial court's finding that the four-page affidavit was the one on which the magistrate relied in issuing the warrant. Moreover, Battle's implied allegation that Agent Webb tampered with the file in the magistrate court was refuted by the testimony of the court clerk. Finally, Battle does not argue that the four-page affidavit fails to show probable cause for the issuance of the search warrant. We therefore find no error in the trial court's findings of fact.

2. The crux of Battle's appeal is his contention that the warrant was insufficient on its face under OCGA § 17-5-30 (a) (2) because it did not describe the place or the person to be searched.[4] It is undisputed that Battle was not presented with a copy of the affidavit at the time the warrant was executed and that the warrant itself did not name Battle or identify his premises. Rather, the warrant states "See attached affidavit of Agent J. Ronnie Webb" in the spaces on the warrant provided for the relevant information. We note that Battle's motion to suppress alleged only that the second affidavit failed to establish probable cause, a point which the state conceded at the hearing. Battle amended his motion after the hearing to allege that the warrant was invalid because it was not accompanied by the affidavit. In denying Battle's motion to suppress, the trial court held that the affidavit, which specified the exact location of the property to be searched and the particular items to be seized, was incorporated by reference into the warrant and rendered it facially valid. The court also noted that Battle's untimely amendment to his motion made it impossible for the state to produce evidence that Agent Webb had a copy of the affidavit with him when he executed the search. Finally, the court noted that it was undisputed that the location and the scope of the search and seizure conformed to the particularities of the warrant. A trial court's rulings based on undisputed facts are subject to de novo appellate review.[5]

In *Franks*, we held that "[d]escriptions appearing in warrant applications or other documents may provide the necessary particularity if the document bearing the description accompanies the warrant and the warrant expressly refers to the other document to

---

[3] OCGA § 24-7-20 pertinently provides: "The certificate or attestation of any public officer, either of this state or any county thereof, shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper of file, or other matter or thing in his respective office, or pertaining thereto, to admit the same in evidence."

[4] See *Usher v. State*, 236 Ga. App. 663, 665 (2) (512 SE2d 380) (1999) ("A general warrant is of course void. By definition it is one which does not sufficiently specify the place or the person to be searched.") (citation and punctuation omitted).

[5] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

incorporate it by reference."[6] The search warrant in *Franks* incorporated the affidavit by reference, and, although the affidavit was not stapled to the warrant, the officer had it with him when he executed the warrant, *and* he left a copy at the premises.[7] We found that under those circumstances, the requirement that the warrant particularly describe the place to be searched was satisfied, and that the trial court did not err in denying Franks's motion to suppress.[8]

In the case at bar, Agent Webb left a copy of the warrant but not the affidavit. Battle contends that this factor fatally distinguishes this case from *Franks* and renders the warrant facially void for lack of particularity. Battle relies chiefly on a decision rendered by the Ninth Circuit Court of Appeals,[9] but we find guidance in the Eleventh Circuit Court of Appeals. In *United States v. Wuagneux*,[10] the appeals court rejected the defendant's argument that an ambiguous warrant could not be cured by an affidavit which was neither incorporated into the warrant by express reference nor attached to an accompanying warrant.[11] Rather, the court adopted "a more flexible approach," ruling that the particularity requirement was satisfied because the affidavit was available at the search site, so that the executing officers were aware of their authority.[12] In *Wuagneux*, as in the case at bar, a copy of the warrant and an inventory of the items seized were left on the premises. The affidavit, however, was not given to the defendant in *Wuagneux* because it was under seal. The appeals court held that although it was preferable that the person whose premises are to be searched be informed of the agents' authority at the time of the search, it was sufficient that the affidavit was made available to the defendant for use in preparing the motion to suppress.[13] We find this reasoning sound. Battle cries foul that Agent Webb deliberately withheld the true affidavit from him, but it appears from the transcript that Battle came into possession of the true affidavit prior to the hearing.[14] Moreover, where, as here, it is undisputed that the location and the scope of the search and seizure conformed to the

---

[6] (Footnote omitted.) *Franks*, supra at 689 (3).

[7] Id.

[8] Id.

[9] *United States v. Towne*, 997 F2d 537, 544 (III) (A) (9th Cir. 1993) ("cure by affidavit" is available when two conditions are met: the warrant expressly incorporates the affidavit by reference and the affidavit accompanies or is attached to the warrant).

[10] 683 F2d 1343 (11th Cir. 1982), cert. denied, *Wuagneux v. United States*, 464 U. S. 814 (104 SC 69, 78 LE2d 83) (1983).

[11] Id. at 1351, n. 6.

[12] Id.

[13] Id.

[14] Compare *Watts v. State*, 274 Ga. 373, 375 (2) (552 SE2d 823) (2001) (critical information allegedly withheld from magistrate, and state failed to prove otherwise).

warrant, we find it unnecessary to remand for a hearing to determine whether Agent Webb possessed a copy of the affidavit at the search site. Accordingly, we find that the trial court properly determined that the state carried its burden of proving the validity of the warrant and the search.[15]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 17, 2004 —
RECONSIDERATION DENIED MARCH 25, 2004 —

*England & England, J. Melvin England,* for appellant.
*Jeffrey H. Brickman, District Attorney, Thomas E. Csider, Assistant District Attorney,* for appellee.

---

[15] See *State v. Slaughter,* 252 Ga. 435, 439 (315 SE2d 865) (1984) (burden of proof is on state).