## A03A2108. BATTLE v. THE STATE.
### (620 SE2d 506)

MIKELL, Judge.

In *Battle v. State*[1] (*"Battle I"*), we affirmed the trial court's order denying Frank Battle, Sr.'s motion to suppress evidence seized pursuant to an insurance fraud investigation, holding in Division 2 that the warrant was not void under OCGA § 17-5-30 (a) (2) even though it did not describe the place or the person to be searched and the agent who executed the warrant did not leave a copy of the supporting affidavit at the searched premises.[2] We held that the fact that the affidavit, which specified the exact location of the property to be searched and the particular items to be seized, was incorporated by reference into the warrant, rendered it facially valid.[3] Our Supreme Court granted Battle's petition for certiorari and remanded for consideration in light of the United States Supreme Court's decision in *Groh v. Ramirez*,[4] in which the Court implied that incorporation by reference did not cure the failure to specify the place or the person to be searched when the officer did not leave a copy of the incorporated document at the searched premises.[5]

Our decision in *Battle I* was founded on *Franks v. State*,[6] where this Court held:

> The requirement that a search warrant particularly describe the place to be searched is fulfilled if the warrant contains a description that sufficiently permits a prudent officer executing the warrant to locate the premises, person or property to be searched definitely and with reasonable certainty, and without depending upon his discretion. In determining whether the subject place is sufficiently described in the warrant, our courts read the warrant as a whole and consider other evidence, including, but not limited to, the supporting affidavit. Descriptions appearing in warrant applications or other documents may provide the necessary particularity if the document bearing the description accompanies the warrant and the warrant expressly refers to the other document to incorporate it by reference.[7]

---

[1] 266 Ga. App. 532 (597 SE2d 417) (2004).

[2] Id. at 535 (2).

[3] Id.

[4] 540 U. S. 551 (124 SC 1284, 157 LE2d 1068) (2004).

[5] Id. at 557 (II).

[6] 240 Ga. App. 685 (524 SE2d 545) (1999).

[7] (Punctuation and footnotes omitted.) Id. at 689 (3).

In *Franks*, the detective left a copy of the affidavit at the premises when he executed the search.[8] The agent in the case at bar did not. In *Battle I*, we extended *Franks* to hold that the failure to leave a copy of the affidavit at the premises did not render the warrant void. In light of *Groh*, we now hold that the failure to leave a copy of the affidavit at the premises precludes the trial court from construing the warrant with reference to that document and renders the warrant facially void for lack of particularity. Therefore, we reverse the denial of Battle's motion to suppress.

In *Groh*, the Supreme Court considered the validity of a warrant that did not identify any of the items to be seized and did not incorporate by reference the itemized list contained in the warrant application. Moreover, the officer did not leave a copy of the application, which was under seal.[9] In determining that the warrant was void for lack of particularity, the Court cited with approval the approach adopted by the Ninth Circuit Court of Appeals,[10] stating that "a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and *if the supporting document accompanies the warrant*."[11] Under *Groh*, therefore, a warrant that fails to meet the Fourth Amendment's particularity requirement may be cured by supporting documents if, in addition to being incorporated into the warrant through the use of appropriate language, the documents are either attached to or accompany the warrant.[12]

The issue in the case at bar, therefore, is whether the affidavit "accompanied" the warrant. In *Battle I*, we noted that Battle did not raise this precise issue until after hearing on his motion to suppress, which made it impossible for the state to produce evidence that the agent possessed a copy of the affidavit when he executed the search.[13] Nevertheless, we did not remand for a hearing on this issue because we found the warrant valid on other grounds.[14] Remand remains unnecessary, however, as this factor is not determinative.

While the Supreme Court in *Groh* did not explicitly define when a supporting document "accompanies" a warrant, the opinion does clarify that the agent's possession of the affidavit at the premises, without leaving a copy upon execution of the search, does not comply

---

[8] Id.

[9] *Groh*, supra at 554-555 (I).

[10] See *United States v. McGrew*, 122 F3d 847, 849-850 (9th Cir. 1997), citing *United States v. Towne*, 997 F2d 537, 544-547 (9th Cir. 1993).

[11] (Citations omitted; emphasis supplied.) *Groh*, supra at 557-558 (II).

[12] Id.

[13] *Battle I*, supra at 535 (2).

[14] Id. at 536-537 (2).

with the Fourth Amendment's particularity requirement. "[T]he purpose of the particularity requirement is not limited to the prevention of general searches. A particular warrant also assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search."[15] Where the warrant itself lacks this particularity, the *Groh* court noted, the "high function" served by the search warrant "is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection."[16] Therefore, regardless of whether the agent in the case sub judice possessed the affidavit during the search, the fundamental purpose of the particularity requirement was unmet because, even though an inventory of the items seized was left on the premises, the contents of the affidavit were not available for Battle's inspection until several days after the search had occurred. Consequently, the warrant may not be construed with reference to the affidavit, and the warrant is facially invalid for lack of sufficient particularity.

Accordingly, in light of *Groh*, we now hold that, where a search warrant fails to meet the particularity requirement on its face but instead incorporates a supporting document by reference, failure to leave a copy of that supporting document at the searched premises invalidates the warrant. Where a copy of the affidavit, or other supporting document, is in fact left at the searched premises, the person subject to the search has access to its contents and the purposes of both the warrant itself and the particularity requirement are satisfied.

Georgia law specifies that the warrant "shall be issued in duplicate"[17] and that "the duplicate copy shall be left with any person from whom any instruments, articles, or things are seized; or, if no person is available, the copy shall be left in a conspicuous place on the premises from which the instruments, articles, or things were seized."[18] The Fourth Amendment specifies that the *warrant*, rather than a supporting document, shall particularly describe the place to be searched and the person or things to be seized. The apparently

---

[15] (Citations and punctuation omitted.) *Groh*, supra at 561 (II).

[16] Id. at 557 (II).

[17] OCGA § 17-5-24.

[18] OCGA § 17-5-25. Neither Georgia law nor the Fourth Amendment requires the executing officer to serve the warrant on the owner before commencing the search. "Whether it would be unreasonable to refuse a request to furnish the warrant at the outset of the search when, as in this case, an occupant of the premises is present and poses no threat to the officers' safe and effective performance of their mission, is a question that this case does not present." *Groh*, supra at 562 (II), n. 5.

widespread custom of preparing warrants which describe the place to be searched only by referring to the probable cause affidavit is not the better practice and should not be encouraged by judges who approve search warrants.

*Judgment reversed. Johnson, P. J., and Bernes, J., concur.*

DECIDED AUGUST 31, 2005.

*England & England, J. Melvin England*, for appellant.

*J. Tom Morgan, District Attorney, Thomas E. Csider, Assistant District Attorney*, for appellee.