[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12696
Non-Argument Calendar

_____

D. C. Docket No. 07-00097-CV-WCO-2

FRANK BATTLE, SR.,

Plaintiff-Appellant,

versus

J. RONNIE WEBB,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 31, 2008)**

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Frank Battle, Sr. appeals the district court's dismissal of his civil rights

action, brought pursuant to 42 U.S.C. § 1983. After a thorough review of the

record, we affirm.

Battle filed his civil action against J. Ronnie Webb, a member of the Enforcement Division of the Georgia State Board of Workers' Compensation, alleging violations of the Fourth Amendment in connection with the August 29, 2001, search of his insurance business and the seizure of various files.[1] Webb obtained a search warrant, but the warrant did not specify the place to be searched or the items to be seized. Instead, the warrant incorporated Webb's attached affidavit, which identified the place to be searched as Battle's office and listed the documents and other evidence to be seized. When Webb executed the warrant, he left a copy of the warrant and inventory of the items seized, but he did not leave a copy of the affidavit, and no affidavit was attached to the warrant at that time. Webb later explained that he did not supply a copy of the supporting affidavit because he did not want to risk divulging confidential information of the investigation.

In 2002, as a result of the search, Battle was indicted by a DeKalb County grand jury. Battle filed a motion to suppress the evidence seized. After conducting

---

[1] In 2000, the State Board of Workers Compensation began investigating Battle in connection with an insurance fraud scheme, in which Battle would collect premiums to purchase insurance policies but instead of purchasing the policies, Battle allegedly converted the premiums for his own purposes. As part of this investigation, Webb conducted a search of Battle's office. It is the events surrounding this search that led to the instant civil action.

2

several hearings, the state court denied the motion to suppress. Following an interlocutory appeal, in which the decision was affirmed, the state supreme court granted certiorari review and remanded the issue in light of the U.S. Supreme Court's decision in Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). On remand, the state court granted the motion to suppress because the failure to leave a copy of the affidavit with Battle at the time of the search rendered the search and seizure illegal. See Battle v. State, 275 S.E.2d 506, 507 (Ga. 2005).

Nevertheless, while the case was pending, Nationwide Insurance cancelled its contract with Battle, resulting in significant financial and business damages to Battle.[2] Thereafter, in 2005, the prosecutor dismissed the case against Battle. On August 27, 2007, Battle filed the instant complaint.

Webb moved to dismiss, Fed.R.Civ.P. 12(b), alleging that the complaint was barred by the statute of limitations and, alternatively, that he was entitled to qualified immunity. Without addressing the timeliness of the action, the district court granted the motion to dismiss on qualified immunity grounds. The district court first concluded that there was no constitutional violation even though the

---

[2] Battle alleges that Nationwide Insurance cancelled the contract after it apparently learned of the allegations. However, the evidence submitted does not indicate Nationwide Insurance's reasons for canceling the contract.

affidavit was not attached to the copy of the warrant given to Battle at the time of the search. In addition, the court concluded that, even if there was a constitutional violation, the right was not clearly established at the time of the violation. The court noted that Groh was not decided until 2004, three years after the search occurred. This appeal followed.[3]

Battle urges us to reverse the dismissal because the search warrant was facially invalid under Groh, and the constitutional right under the Fourth Amendment was clearly established by the terms of the amendment itself.

We review de novo a trial court's ruling on a motion to dismiss a complaint on qualified immunity grounds. Long v. Slaton, 508 F.3d 576, 579 (11th Cir. 2007). In determining whether the complaint alleges the violation of a clearly established right, we accept the allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff. Id. We first ask whether a constitutional violation occurred; we then ask whether the violation was already clearly established by the law at the time. Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); see also Hope v. Pelzer, 536 U.S. 730, 736, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002). "[D]etermining whether a

---

[3] To the extent that Battle alleged a claim of malicious prosecution, that claim fails, as Battle has not named the prosecutor who was responsible for obtaining an indictment. Eubanks v. Gerwen, 40 F.3d 1157, 1161 (11th Cir. 1994).

4

constitutional right was clearly established 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Vinyard v. Wilson, 311 F.3d 1340, 1349 (11th Cir. 2002) (quoting Saucier, 533 U.S. at 201). The Supreme Court has variously defined the relevant, dispositive inquiry as "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted," Saucier, 533 U.S. at 202, and "whether the state of the law ... gave [the officer] fair warning" that his actions were unconstitutional, Hope, 536 U.S. at 741. In most cases, fact-specific precedents are necessary to give an officer fair warning of the applicable law. See Vinyard, 311 F.3d at 1351-1352.

To demonstrate that the law at the time clearly established that Webb's conduct would violate the Constitution, Battle should point to either (1) earlier case law from the Supreme Court, this court, or the highest court of Georgia that is materially similar to the current case and therefore provided clear notice of the violation or (2) general rules of law from a federal constitutional or statutory provision or earlier case law that applied with "obvious clarity" to the circumstances, establishing clearly the unlawfulness of Webb's conduct. See Marsh v. Butler County, 268 F.3d 1014, 1031-1033 (11th Cir. 2001) (en banc); Willingham v. Loughnan, 321 F.3d 1299, 1301-1303 (11th Cir. 2003); Vinyard, 311 F.3d at 1349-53. Thus, to avoid dismissal on qualified immunity grounds,

5

Battle has the burden of demonstrating that Webb-at the pertinent time and given the specific circumstances of this case-had fair notice that his conduct would violate clear federal law. Long, 508 F.3d at 584 (citation omitted).

Battle cannot meet this burden. The Fourth Amendment provides,

[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Here, Battle cannot show a Fourth Amendment violation. As this court has held, a warrant may satisfy the requirements of the Fourth Amendment through incorporation. United States v. Wuagneux, 683 F.2d 1343 (11th Cir. 1982). In that case, an IRS agent requested a search warrant in which he identified eleven categories of records he was seeking. One of the categories listed called for "the receipt and disbursement of kickback funds." In support of the warrant, the agent submitted an affidavit detailing the kickbacks he believed had been paid and received. 683 F.2d at 1349-1351. The defendant challenged the sufficiency of the warrant for failure to state with particularity the items to be seized. After the district court denied the motion to suppress, this court concluded that an affidavit incorporated into a warrant application could cure a defect or ambiguity in the application if the affidavit was attached to the application. Id. at

6

1351 n.6. This court further acknowledged that, in some circumstances, it could be permissible to leave a copy of the warrant without the supporting affidavit at the time of the search due to the need for confidentiality in an investigation. Id.

Because Webb's affidavit was incorporated into the warrant and specified the places to be searched and the items to be seized, Battle cannot show any constitutional violation.

Even if we were to conclude that there was a constitutional violation and the warrant was facially invalid, the law was not clearly established at the time of the search.

In Groh, the Supreme Court considered the legality of a search premised on a warrant that failed to describe with particularity the place to be searched and the items to be seized. 540 U.S. at 554. The application specified the items agents sought, and in an accompanying affidavit, the agent explained the basis for his belief the items would be found during a search. However, the application did not specify the items to be seized and did not incorporate the affidavit. Id. at 554-555. Upon review, the Court concluded that the warrant was facially invalid because the Fourth Amendment required particularity of the items to be seized. Id. at 557. The Court further stated that the amendment required particularity in the warrant and not the supporting documents. Id. at 557. The Court explained, however, that it

7

was not deciding whether a warrant could incorporate or cross-reference other documents, and it expressly recognized that many circuits have held that a court may consider a warrant with reference to supporting affidavits "if the warrant uses appropriate words of incorporation and if the supporting document accompanies the warrant." Id. at 557-558. Because the warrant application in Groh did not incorporate, and neither the application nor the affidavit accompanied the warrant, the court did not address the issue of incorporation further. Id. at 558. The Court then concluded that there could be no qualified immunity because the text of the Fourth Amendment specifically required particularity and, thus, the right was clearly established and the officer should have known that the warrant was deficient. Id. at 563-564.

The Groh decision issued in 2004. Prior to that date, the case law of this circuit did not clearly establish that Webb's conduct was improper. See Wuagneux, 683 F.2d 1343 (11th Cir. 1982).

Thus, at the time Webb searched Battle's business, the existing case law arguably permitted Webb's conduct. The warrant in Battle's case incorporated Webb's affidavit and Webb explained that he did not leave a copy of the affidavit at the time of the search due to confidentiality concerns. In light of the case law at the time of the search, we cannot conclude that the rights were clearly established.

Accordingly, we AFFIRM the district court.