## A97A1035. SAWYER v. THE STATE.
### (489 SE2d 518)

Judge Harold R. Banke.

William H. Sawyer was accused of two counts of burglary. After a jury trial in which he appeared pro se, Sawyer was convicted of one count of burglary. He enumerates six errors on appeal.

The charge at issue arose after over $20,000 in jewelry was taken from the victim's home. Law enforcement officials focused on Sawyer after receiving a tip that he was in possession of some of the missing jewelry and had discussed his plans to commit a burglary. They arrested Sawyer after recovering some of the stolen goods at Sawyer's home during the execution of a search warrant.

After his arrest, Sawyer, an indigent, obtained appointed counsel. However, prior to trial Sawyer "decided to let him go" due to conflicts over the adequacy of counsel's trial preparation.

Just before trial commenced, Sawyer expressed to the court his concern about proceeding pro se. The court responded, "Well, you've been through this before with another judge, haven't you? . . . I understand they appointed you two different lawyers."[1] After Sawyer stated that he had a constitutional right to have counsel appointed, the court replied, "Well, you did." Sawyer then informed the court that since learning he was proceeding pro se the sheriff had denied him access to a law library, prohibited him from calling prospective witnesses, and denied him the right to subpoena witnesses. He subsequently told the court that he was forced into representing himself. *Held*:

1. The record does not refute Sawyer's contention that he did not properly waive his right to counsel at trial.

The absolute and unconditional right to counsel may be waived only by voluntary, knowing action. *Prater v. State*, 220 Ga. App. 506, 508 (469 SE2d 780) (1996). The relinquishment of this constitutional right, of itself, invokes the trial court's protection. Id. "This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." Id. The trial court must apprise the accused of his right to counsel and the dangers attendant to self-representation. *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981); *Staples v. State*, 209 Ga. App. 802, 804 (3) (434 SE2d 757) (1993).

The trial court's fulfillment of this duty should appear on the record. *Prater*, 220 Ga. App. at 508. In the face of a silent record, " 'waiver is never presumed and the burden is on the [S]tate to present evidence of a [proper] waiver. . . .' [Cit.]" *Kirkland v. State*, 202

---

[1] Sawyer's initial counsel had previously represented the victim and was permitted to withdraw. Sawyer then discharged his second counsel.

Ga. App. 356, 357 (1) (414 SE2d 502) (1991).

The record before us is silent. It shows that the trial court was informed that another judge had resolved the issue of Sawyer's waiver of counsel and believed the waiver was on the record. The State, however, failed to include a transcript of the waiver hearing in the record on appeal. The record before us contains no assurances of proper waiver. Sawyer's requests for counsel were met with summary rejection. Nor was Sawyer apprised "of the dangers to a layman in conducting his own defense." Compare *Staples v. State*, 209 Ga. App. at 804 (3). Had the record contained a proper waiver, these facts would be irrelevant. But because the State failed to satisfy its burden of providing proof of a proper waiver, we are constrained to reverse. *Kirkland*, 202 Ga. App. at 357. Because the following issues may arise on retrial, we address them.

2. The denial of Sawyer's motion to suppress was appropriate. We reject Sawyer's contention that the warrant lacked probable cause, was insufficient on its face, and was improperly executed.

An informant's tip may provide probable cause only if, under the "totality of the circumstances," including consideration of the informant's "veracity" and "basis of knowledge," there is a "fair probability" that contraband or evidence of a crime will be found in a particular place. *State v. Bryant*, 210 Ga. App. 319, 320 (436 SE2d 57) (1993). At a minimum, an affidavit supporting a search warrant must contain sufficient facts to allow the magistrate to independently gauge the reliability of both the informant and the information. Id. When reviewing orders disposing of motions to suppress, the evidence must be construed in the light most favorable to the trial court's decision. *Sutton v. State*, 223 Ga. App. 721, 722 (1) (478 SE2d 910) (1996).

Viewing the evidence in that light, we find that the affidavit supporting the search warrant was sufficient on its face to provide the requisite probable cause to search. The affidavit stated that a reliable informant who had previously provided truthful information told the sheriff that Sawyer had stated that he intended to commit a burglary. The affiant stated that the informant then reported to the sheriff that he had seen jewelry similar to that taken in the instant burglary while visiting at Sawyer's residence and that Sawyer stated he had taken some of it to Florida to sell. See *Sams v. State*, 121 Ga. App. 46, 48 (1) (172 SE2d 473) (1970).

The informant had provided reliable information to the sheriff previously. Compare *McRae v. State*, 204 Ga. App. 234, 235 (418 SE2d 796) (1992). The informant's stated basis of knowledge was Sawyer himself. The record shows that the informant contacted the sheriff within days of the burglary. See *Midura v. State*, 183 Ga. App. 523, 525 (4) (359 SE2d 416) (1987) (factual statements within the

affidavit which create reasonable belief that conditions described therein remain are fatal to staleness argument). The affiant verified the informant's information about the location of Sawyer's residence. This evidence refutes Sawyer's claim that the warrant was insufficient on its face or lacked probable cause. OCGA § 17-5-30.

Nor was it illegally executed. The record shows that the authorities returned after they initially executed the warrant because Sawyer's roommate called them. He subsequently gave his consent for an additional search. Under these facts, we cannot say the State failed to satisfy its burden of establishing that the search was lawful. *Bowman v. State*, 205 Ga. App. 347, 348 (422 SE2d 239) (1992); see *State v. Davis*, 217 Ga. App. 225, 227 (457 SE2d 194) (1995) ("deferential" standard of review).[2]

3. Sawyer maintains that the trial court erred by failing to charge on the lesser included offense of theft by taking. On retrial, if such a charge is properly requested and the evidence supports it, the jury should be instructed on the lesser included offense. *Strickland v. State*, 223 Ga. App. 772, 777 (1) (b) (479 SE2d 125) (1996); OCGA § 16-1-6 (1).

4. Sawyer correctly argues that the trial court committed reversible error by charging the jury on flight. The binding authority of *Renner v. State*, 260 Ga. 515, 517 (3) (b) (397 SE2d 683) (1990) prohibits the charge under these circumstances. Compare *Rodriguez v. State*, 211 Ga. App. 256, 257 (1) (439 SE2d 510) (1993).

*Judgment reversed and case remanded. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 17, 1997 —
RECONSIDERATION DENIED JULY 23, 1997 — 

*Alice C. Stewart*, for appellant.
William H. Sawyer, *pro se*.
*Robert B. Ellis, District Attorney, Timothy L. Eidson, Assistant District Attorney*, for appellee.

---

[2] We decline to address Sawyer's contention that the search was rendered illegal because the authorities may have seized items not listed in the warrant because it is raised for the first time on appeal. *Stafford v. Bryan County Bd. of Ed.*, 219 Ga. App. 750, 752 (4) (466 SE2d 637) (1995).