A98A0946. PAILETTE v. THE STATE.
(501 SE2d 603)

ELDRIDGE, Judge.

James Edward Pailette appeals a Hall County jury verdict finding him guilty of possession of oxycodone (Percocet), and possession

of marijuana — less than an ounce. His sole enumeration of error challenges the trial court's denial of his motion to suppress. Because the affidavit in support of the search warrant was deficient, we reverse Pailette's conviction.

In August 1995, an agent assigned to the Hall County Narcotics Unit received information from a "concerned citizen" that Pailette had methamphetamine in his residence. Acting on this, the agent prepared an affidavit in support of an application for a search warrant. The affidavit stated in pertinent part:

"On or between the dates of August 20, 1995 and August 24, 1995 affiant was contacted by a source whom affiant considers to be truthful and reliable and who will be referred to as 'It' hereinafter. 'It,' the source, stated to affiant that on or between the aforementioned dates 'It' was at the above described premises and did have the opportunity to personally observe a quantity of an off white powder substance represented by James Pailette to 'It' to be amphetamine powder being kept and stored at the said described premises. Additionally, said source stated to affiant that the reason 'It' had the opportunity to see the amphetamine powder is because the contraband was in plain view.

"What the source related to affiant is believed to be truthful and reliable because the source is a mature person who is gainfully employed and who has a reputation for being truthful in the source's community, that being Hall County, Georgia. During the course of the source relating the information about James Pailette, affiant believes, that the source demonstrated a truthful demeanor and has not been able to find any reason for the source to falsify what 'It' related."

This affidavit was the only information provided to the issuing magistrate. The magistrate issued the warrant, and Pailette's residence was searched. Seized were scales, numerous plastic bags containing alleged methamphetamine residue, $1,422, eight capsules of suspected contraband, and a plastic baggie containing alleged marijuana.

Pailette was indicted for possession of methamphetamine with intent to distribute,[1] possession of oxycodone, and possession of marijuana — less than an ounce. He pled not guilty and filed a motion to suppress the seized items, alleging that the affidavit was insufficient to support the issuance of the search warrant. A hearing was held on the motion during which the officer/affiant testified.

During the hearing, the State argued that the only evidence before the trial court with regard to the sufficiency of the affidavit

---

[1] The trial court directed a verdict as to this offense.

was within the four corners of the affidavit, itself: "[Prosecutor:] Your honor, . . . this officer has stated there was no additional testimony that was given to the magistrate court for the issue of this search warrant excluding the information that was provided in here . . . what you have to decide is based on the face of this was there sufficient information to issue the search warrant. . . . [Court:] So you think I should be limited strictly to what the magistrate court was told within the affidavit, is that what you want me to be limited to? . . . [Prosecutor:] One moment, Your Honor. Yes, sir, I do[.]"

The trial court took the matter under advisement and thereafter issued an order denying the motion to suppress. The trial court specifically found that:

"The affidavit further states that through independent investigation the affiant verified all information provided by 'It' except for the actual existence of contraband. Affiant states that during his independent investigation he learned that [defendant] is a current Parolee at the Gainesville Parole office and [defendant] is currently serving the parole portion of a sentence received in the State of Louisiana for the distribution of methamphetamine powder." The trial court determined "that under the totality of the circumstances, specifically; [1] the affiant's corroboration of the information supplied by 'It,' [2] the information regarding Defendant James Pailette's parole status, and [3] 'It's' personal observation of the contraband at the Defendants' residence, there was a substantial basis for finding probable cause that contraband would be found on the premises." *Held*:

"An informant's tip may provide probable cause only if, under the 'totality of the circumstances,' including consideration of the informant's 'veracity' and 'basis of knowledge,' there is a 'fair probability' that contraband or evidence of a crime will be found in a particular place. At a minimum, an affidavit supporting a search warrant must contain sufficient facts to allow the magistrate to independently gauge the reliability of both the informant and the information." (Citations and punctuation omitted.) *Sawyer v. State*, 227 Ga. App. 493, 494 (2) (489 SE2d 518) (1997). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for concluding' that probable cause existed." (Citations and punctuation omitted.) *Gibson v. State*, 223 Ga. App. 103, 104 (3) (476 SE2d 863) (1996).

Herein, the trial court found the existence of three factors that provided the requisite "substantial basis" for the magistrate to conclude that probable cause existed: (1) the affiant's corroboration of the information supplied by "it"; (2) the information regarding Pailette's parole status; and (3) "it's" personal observation of the contraband at Pailette's house. Yet, only one of these factors, number 3, existed within the affidavit, the only information before the magis-

trate. The trial court gleaned the remaining factors from testimony during the motion to suppress hearing, which testimony/information all parties agree was not before the magistrate in determining the existence of probable cause for the warrant to issue. Testimony from a motion to suppress may supplement the four corners of an affidavit in order for a trial court to determine what the magistrate knew at the time of the issuance of the warrant; however, such testimony cannot provide an independent, after-the-fact basis for the trial court, upon review, to determine that probable cause *would* have existed if the facts that were put before the trial court had been put before the magistrate. That is what happened in this case.

In fact, the information within the affidavit, the only information before the magistrate, does not provide an adequate factual basis to "allow the magistrate to independently gauge the reliability of both the informant and the information." *Sawyer*, supra at 494. The affiant's statements regarding the informant's reliability and veracity are conclusory, a fact recognized by both the trial court in its order on the motion to suppress and the State in its brief before this Court. Both found relief from the conclusory nature of the affiant's statements because of the "corroboration of the information." However, such "corroboration of the information" does not appear within the affidavit, and thus was never before the magistrate.

An informant's veracity or reliability and his "basis of knowledge" are relevant considerations in the totality of circumstances analysis used to determine whether probable cause exists for the issuance of a search warrant. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). "[A]n application for a search warrant must provide the magistrate with a substantial basis for determining the existence of probable cause and a wholly conclusory statement is inadequate to provide such a basis." *Poole v. State*, 175 Ga. App. 374 (333 SE2d 207) (1985); *State v. Casey*, 185 Ga. App. 726, 727 (365 SE2d 878) (1988). Accordingly, the affidavit in support of the search warrant in the case sub judice was deficient under the law, and the denial of the motion to suppress was error.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 15, 1998.

*Nicki N. Vaughan*, for appellant.
*Lydia J. Sartain, District Attorney, J. Philip Milam, Assistant District Attorney*, for appellee.