## A98A0568. DEARING v. THE STATE.
(505 SE2d 485)

SMITH, Judge.

Based on evidence seized pursuant to a search warrant, Amanda Dearing was indicted on one charge of possession of methamphetamine with intent to distribute. She filed a motion to suppress, arguing among other things that the warrant was illegally issued because the veracity and basis of knowledge of the person characterized as a "concerned citizen" were insufficiently presented to the magistrate. The trial court denied the motion, and Dearing was subsequently tried and convicted of the crime with which she was charged. Her motion for new trial as amended was denied, and she now appeals, raising as error the trial court's denial of her motion to suppress. The issue in this case focuses on whether the affidavit supporting the application for a search warrant established sufficient probable cause to search. The basis for the affidavit was a tip by a confidential informant. In particular, Dearing contends that this confidential informant was erroneously afforded "concerned citizen" status. We do

not agree, and we affirm.

The affiant in this case, a narcotics agent with the Gainesville Police Department, stated in the affidavit that he had been contacted by a concerned citizen. He stated that the concerned citizen had been at certain specified premises on or between the dates of August 23 and August 31, 1995, and had observed a quantity of white powder represented by Dearing and another suspect to be amphetamine powder. He considered the informant's tip to be true and reliable because the informant was "a mature person gainfully employed in a full time capacity," had no known criminal record, and "displayed an open and truthful demeanor with no apparent motivation to falsify" the information. In addition, he stated that the individual's motivation for supplying the information arose from the individual's life experiences, as the individual "had the opportunity to see how drug addictions can affect abusers as well as the abusers [sic] family members," and the individual wished to help other members of the community.

In deciding whether an affidavit established probable cause necessary for issuance of a search warrant, it is well settled that we must apply the "totality of the circumstances analysis [utilized] in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983)." *State v. Davis*, 217 Ga. App. 225 (457 SE2d 194) (1995), aff'd, *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996). "Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." (Citations and punctuation omitted.) 217 Ga. App. at 225-226.

We conclude that the magistrate in this case was provided sufficient information from which to find probable cause to issue a warrant. The informant described in this case is similar to that described in *Davis*, supra, a case in which we reversed the trial court's grant of defendant's motion to suppress. According to the affiant in that case, the informant was in good standing in the community, owned his own business, and had nothing to gain by providing information about the defendant. *Davis*, supra, 217 Ga. App. at 226. The affiant there was considered a "concerned citizen" and therefore was afforded "a preferred status insofar as testing the credibility of his information." (Punctuation omitted.) Id. at 227. Similarly, the affiant here stated that the informant was gainfully employed, had no criminal record, and appeared to have nothing to gain by providing infor-

mation to the police. These statements by the affiant provided the magistrate with some facts forming the basis for the affiant's conclusion that the informant was truthful. Compare *Gary v. State*, 262 Ga. 573, 577 (422 SE2d 426) (1992) (*no* facts supporting affiant's conclusion that informant was truthful presented to magistrate).

*Eaton v. State*, 210 Ga. App. 273 (435 SE2d 756) (1993), relied upon by Dearing, is not controlling. In that case, the affiant admitted on cross-examination at the motion to suppress hearing that he did not know the informant and that the only basis for his characterization of the informant as a concerned citizen was "what the informant himself told the officer on the phone." Id. at 275. See also *Davis*, supra, 217 Ga. App. at 226. In contrast, the affidavit here shows that this officer judged the citizen's demeanor. Moreover, as in *Davis*, Dearing offered nothing in opposition to the evidence produced by the State concerning the informant's reliability. "In this evidentiary posture, the state met its burden of proof as a matter of law and the denial of [Dearing's] motion to suppress was mandated. The resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Citations and punctuation omitted.) *Davis*, supra, 266 Ga. at 213.

Dearing also argues that the warrant was not supported by probable cause because the information provided by the informant was not sufficiently corroborated. The affiant stated that his investigation showed to be true and correct the informant's description of and directions to the premises where the contraband was seized. In addition, the affiant corroborated that Dearing and the other suspect lived at the premises where the contraband was seized. Finally, the affiant found to be accurate physical and vehicle descriptions provided by the informant.

Whether the affiant sufficiently corroborated the informant's tip is questionable, as the affiant basically testified only that Dearing lived at the dwelling where the informant said she lived. See *Davis v. State*, 214 Ga. App. 36, 37 (447 SE2d 68) (1994); *Gary v. State*, supra. But the magistrate is not limited to consideration of corroborating evidence when making a practical, common sense decision as to whether a fair probability exists that contraband may be found in a certain place. Rather, as discussed above, the magistrate must examine the totality of circumstances when making this decision. *Davis*, supra, 217 Ga. App. at 225-226. While corroboration may be necessary to cure deficiencies caused by the failure to establish the reliability of a confidential informant, see *Wood v. State*, 214 Ga. App. 848, 849 (449 SE2d 308) (1994), here, the reliability of the informant *was* established. The totality of the circumstances here included evidence that the informant could be considered a concerned citizen and evidence that the informant saw the contraband at the premises

occupied by Dearing. Considering this, and given the mandate that doubtful cases should be resolved in favor of upholding search warrants, we cannot say that the trial court erred in concluding the affidavit provided sufficient probable cause for issuing the warrant.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

### ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Dearing argues primarily that this case is controlled by this Court's recent decision in *Pailette v. State*, 232 Ga. App. 274 (501 SE2d 603) (1998). Although similar in many respects, the facts of these two cases are distinguished.

Significantly, it appears that the affidavit in *Pailette* did not disclose information concerning the criminal record of the informant, nor did it disclose any information concerning the informant's life experiences, as did the affidavit here, factors that could have influenced the trial court's conclusion that the citizen was reliable and that probable cause existed to issue the warrant.

We also note that although this Court recited in *Pailette* that an officer received information from a "concerned citizen," the affidavit itself in *Pailette* does not appear to have mentioned that the informant should have been afforded this status. This omission may explain why this Court did not examine the facts of *Pailette* in light of cases such as *State v. Davis*, 217 Ga. App. 225 (457 SE2d 194) (1995), aff'd, *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996), recognizing the preferred status given to information provided by concerned citizens. Under the circumstances of this case, even in light of *Pailette*, and under the well-established law that "marginal cases in this area should be largely determined by the preference to be accorded to warrants," we cannot say the trial court erred in denying Dearing's motion to suppress. (Citations and punctuation omitted.) *Davis*, supra, 266 Ga. at 213.

DECIDED JUNE 8, 1998 —
RECONSIDERATION DENIED JULY 29, 1998 — 

*Glyndon C. Pruitt*, for appellant.

*Lydia J. Sartain, District Attorney, J. Philip Milam, Assistant District Attorney*, for appellee.