## A09A0567. PRICE v. THE STATE.

(677 SE2d 683)

JOHNSON, Presiding Judge.

Following a bench trial, the trial court found Jerry Price guilty of two counts of trafficking in methamphetamine and one count of possession of a firearm during the commission of a felony. In his sole enumeration of error, Price alleges the trial court erred in denying his motion to suppress evidence discovered during the search of his house because the affidavit filed in support of the search warrant failed to provide probable cause for the search. We find no error and affirm Price's convictions.

In determining the sufficiency of a search warrant affidavit, the issuing magistrate or judge must make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.[1] Our duty as a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[2] In reviewing the lower court's decision, we give great deference to the magistrate's determination of probable cause; a presumption of validity attaches to an affidavit supporting a search warrant, and

---

[7] *Taylor*, supra.

[1] See *Sullivan v. State*, 284 Ga. 358, 360 (2) (667 SE2d 32) (2008); *Copeland v. State*, 273 Ga. App. 850 (1) (a) (616 SE2d 189) (2005); *Gilliard v. State*, 273 Ga. App. 347, 349 (615 SE2d 187) (2005).

[2] *Copeland*, supra.

doubtful cases are resolved in favor of upholding the search warrant.[3] The contents of the affidavit are reviewed in the light most favorable to upholding the trial court's determination.[4]

Viewed in that light, the record shows that a lieutenant with the Elbert County Sheriff's Office applied for a search warrant after investigating Price's alleged methamphetamine trafficking for two months. In the lieutenant's warrant application and affidavit, he stated that he had spoken with several individuals who lived near Price. These individuals reported that they observed unusual amounts of traffic that would stay only for a few minutes at Price's home and then leave. The lieutenant also claimed that the sheriff had received several citizen complaints that drugs were being sold from Price's home.

The lieutenant stated that on November 12, 2004, he met with a confidential informant who reported that he had observed large amounts of traffic that would come and go from Price's residence for short periods of time. The informant indicated that his family members had been purchasing methamphetamine from Price at his mobile home. The informant described Price's premises in detail and drew a map. The lieutenant said nothing about the informant's veracity or reliability in the affidavit.

On November 18, 2004, the lieutenant met with a second confidential informant who told him that, within the previous two weeks, the informant had on different occasions purchased methamphetamine from Price at his mobile home. Again, the lieutenant said nothing about the informant's veracity or reliability in the affidavit.

On December 15, 2004, the lieutenant met with a third confidential informant, whom the officer deemed a "concerned citizen." The lieutenant described the concerned citizen as an upstanding citizen who attends church and has gainful employment in the medical field. The lieutenant noted that the concerned citizen has had training in the recognition and effects of various illegal drugs. The citizen reported that he had been to Price's home, where he saw what was said to be "Jerry's" methamphetamine. The concerned citizen told the lieutenant that after observing the drugs at Price's home, he saw Price and his girlfriend at another location "making hand to hand transactions with other individuals with small baggies of a powder looking substance." He heard Price's girlfriend state they "had some more at home" and to "come see [us] in a day or so."

The lieutenant confirmed through public records the address of Price's mobile home. He then went to the premises and verified that

---

[3] *State v. Donaldson*, 281 Ga. App. 51, 52 (635 SE2d 345) (2006).
[4] *Powers v. State*, 261 Ga. App. 296, 302 (4) (582 SE2d 237) (2003).

the home and surroundings appeared to be as described by the first informant and depicted in the map drawn by the informant. He applied for a search warrant, which a magistrate granted based on the facts above and the lieutenant's law enforcement experience. The lieutenant and several other officers then executed the warrant, finding methamphetamine and a firearm.

Price argues that the confidential informants and concerned citizen were not reliable sources and that their information was not meaningfully corroborated. We disagree.

Here, much of the information received from the first informant regarding Price's premises was corroborated, thereby providing some evidence for a conclusion that the informant was being truthful. And, the second informant made an admission against his interest, admitting that he had purchased methamphetamine from Price within the two weeks prior to speaking with the lieutenant. This admission against interest supported a finding of reliability and provided probable cause for the issuance of a warrant.[5]

Moreover, the lieutenant included facts in his affidavit that allowed the magistrate to conclude that the person the lieutenant met with on December 15, 2004, was truly a concerned citizen, "rather than the sort of 'informants' typically deemed suspect without a showing of reliability,"[6] and a concerned citizen is afforded a preferred status insofar as testing the credibility of his information.[7] The lieutenant stated that the concerned citizen is an upstanding member of the community who attends church and works in the medical field. He also noted that the concerned citizen had training in recognizing various illegal drugs, had seen illegal drugs in Price's house, had been told that the illegal drugs in the house belonged to Price, had subsequently witnessed Price at another location making hand to hand transactions of small bags containing a powder substance, and had heard Price's girlfriend tell individuals there was more of the substance at Price's house. "These statements by the affiant provided the magistrate with some facts forming the basis for the affiant's conclusion that the informant was truthful."[8] The statements provided information about the basis of the informant's knowledge and reasons why the informant should be believed.[9]

---

[5] See *Cochran v. State*, 281 Ga. 4, 6 (635 SE2d 701) (2006) (confidential informant's statement against his penal interest elevated the reliability of that statement); see also *Graddy v. State*, 277 Ga. 765, 765-766 (1) (596 SE2d 109) (2004) (inculpatory statements made by a known or identified informant can establish probable cause for issuance of a search warrant).

[6] *Lance v. State*, 275 Ga. 11, 21 (19) (b) (560 SE2d 663) (2002).

[7] *Dearing v. State*, 233 Ga. App. 630, 631-632 (505 SE2d 485) (1998).

[8] Id. at 632.

[9] Compare *State v. Brown*, 186 Ga. App. 155, 157-158 (2) (366 SE2d 816) (1988).

In addition, the information provided by the concerned citizen corroborated the information provided by the other informants. Even if an affidavit fails to provide any information regarding the veracity of an unnamed informant, other information may provide probable cause.[10] Here, while the information from the first two unnamed informants may not have been sufficient by itself to justify the issuance of a search warrant, such information should be considered by the magistrate in gauging whether, under the totality of the circumstances, probable cause has been established.[11]

Considering the totality of the circumstances and the fact that the concerned citizen had "training in recognition and effects of various illegal drugs" and had seen, within 72 hours at the premises to be searched, "a powder substance . . . said to be [m]ethamphetamines that belonged to 'Jerry'," the state met its burden of showing probable cause for the search warrant.[12] The trial court did not err in denying Price's motion to suppress.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 27, 2009 —
RECONSIDERATION DENIED APRIL 16, 2009 

*Healy & Svoren, Timothy P. Healy*, for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.

---

[10] See *Powers*, supra at 302-303 (4).
[11] See *Copeland*, supra at 852.
[12] See *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996); *Keller v. State*, 169 Ga. App. 596, 596-597 (314 SE2d 255) (1984).
[1] OCGA § 51-1-29.