**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 20, 2015**

# In the Court of Appeals of Georgia

A15A0603. GALLOWAY v. THE STATE.

McMILLIAN, Judge.

Appellant Terry Nelson Galloway was charged with possession of oxycodone with intent to distribute (Count 1), possession of dihydrocodeinone (hydrocodone) with intent to distribute (Count 2), and possession of clonazepam with intent to distribute (Count 3). The trial court granted his motion for directed verdict on Count 3, and a jury convicted him of Count 2 and found him not guilty of Count 1.[1] After sentencing, he filed a motion for new trial, which was denied. He appeals, arguing in his sole enumeration of error that the trial court erred by denying his motion to suppress the evidence of contraband discovered in his apartment during the execution

---

[1] Galloway's brief states he was convicted of both Counts 1 and 2, but the transcript, written jury's verdict, and sentence all reflect that he was convicted only on Count 2.

of a search warrant because the warrant was based upon information provided by a confidential informant whose reliability was not properly demonstrated.[2]

In Georgia, our law is clear that a magistrate may issue a search warrant only upon facts sufficient to support probable cause that a crime is being committed or has been committed. OCGA § 17-5-21 (a); *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009).

> The magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Our duty in reviewing the magistrate's decision in this case is to determine if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrants. A magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court. Even doubtful cases should be resolved in favor of

---

[2] We note that the trial court did not make any specific findings of fact in the order denying the motion to suppress. *Hughes v. State*, ___ Ga. ___ (Case No. S14G0622, decided March 16, 2015) (stating standard of appellate review when trial court makes express findings of fact in an order denying motion to suppress).

2

upholding a magistrate's determination that a warrant is proper. *Sullivan v. State*, 284 Ga. 358, 361 (667 SE2d 32) (2008).

(Punctuation omitted.) *Prince v. State*, 295 Ga. 788, 792 (2) (a) (764 SE2d 362) (2014); *Palmer*, 285 Ga. at 78.

The State has the burden of proving that a search and seizure conducted pursuant to a warrant was lawful, including the burden of proving the reliability of an informant if the application for the warrant is based upon information supplied by an informant. *Sutton v. State*, 319 Ga. App. 597 (737 SE2d 706) (2013); *Dearing v. State*, 233 Ga. App. 630, 632 (505 SE2d 485) (1998) (in response to a motion to suppress evidence seized pursuant to a search warrant, the State has the burden of proving that an informant who provided information to the affiant applying for the search warrant was reliable); OCGA § 17-5-30 (b). However, "the sufficiency of information obtained from an informant is not to be judged by any rigid test." (Citation and punctuation omitted.) *Zorn v. State*, 291 Ga. App. 613, 615 (2) (662 SE2d 370) (2008). Rather, as a general matter, "probable cause is determined by the totality of the circumstances surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. (Citation omitted.) *Bryant v. State*, 288

3

Ga. 876, 893 (13) (a) (708 SE2d 362) (2011). However, '[a] deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." (Citation omitted.) Id.

The record shows that the commanding officer of the Lookout Mountain Judicial Circuit Drug Task Force applied for a warrant to search the apartment where Galloway lived with a roommate based on information he obtained from a confidential informant. In support of his application, the officer presented an affidavit to the magistrate averring that on July 6, 2009, he had received information from a confidential source who had entered the apartment of Terry Nelson Galloway and a certain other individual within the past five days and that while the informant was there he observed white powder and a number of straws, which are commonly used to ingest illegal drugs, as well as a silver handgun. The affidavit went on to state that the informant had also observed a small child, three to four years old, inside the residence and also a three to four-month-old female infant. The informant also provided the additional information that a maroon Jeep Cherokee was parked outside the building.

The affidavit went on to contain averments that on that same date, the affiant had contacted the Georgia State Probation offices and confirmed that the other

4

occupant of the apartment is a convicted sexual offender and on active probation until February 2019. Further, the officer averred that the State Probation officer confirmed that Galloway is on parole and scheduled for probation on September 1, 2009.

The affidavit also averred that on July 7, 2009, the affiant contacted a certain Fort Oglethorpe Police Department ("FOPD") detective regarding this investigation, and that the FOPD detective told him that in May 2009, he had also received information from a confidential source that Galloway was illegally selling and distributing the controlled substances Hydrocodone and Valium from the same address. And lastly, the affidavit contained information that on July 7, 2009, the FOPD detective had personally observed and confirmed that a maroon Jeep Cherokee was parked in front of the apartment at that address.

At the motion to suppress hearing, the officer testified that he disclosed additional information to the magistrate which was not contained in the affidavit, explaining that the failure to include this additional information was at least in part because he was trying to protect the identity of his source. "Testimony from a motion to suppress may supplement the four corners of an affidavit in order for a trial court to determine what the magistrate knew at the time of the issuance of the warrant[.]" *Pailette v. State*, 232 Ga. App. 274, 277 (501 SE2d 603) (1998). And "[i]t is well

established that the trial court may consider oral testimony presented to a magistrate in support of the issuance of a warrant. [3 Further, i]t is also clear that our courts have, on occasion recognized the affiant's desire to protect the identity of a confidential informant by omitting certain details from the affidavit." *Pettus v. State*, 237 Ga. App. 143, 144 (2) (514 SE2d 901) (1999). E.g., *Browner v. State*, 265 Ga. App. 788, 791 (1) (595 SE2d 610) (2004) (same); *Roberson v. State*, 246 Ga. App. 534, 537 (1) (540 SE2d 688) (2000) ("oral testimony may be considered in support of the issuance of a warrant in addition to information presented by affidavit"); *York v. State*, 242 Ga. App. 281, 293 (7) (528 SE2d 823) (2000) ("based on the totality of the circumstances, the information in the affidavit – as well as that presented to the magistrate orally – provided a sufficient basis for finding probable cause"); *Gibson v. State*, 223 Ga. App. 103, 104 (2) (476 SE2d 863) (1996) ("The well-established rule permits consideration of evidence concerning oral testimony provided to the magistrate."). The officer testified that this additional information he provided to the magistrate included facts concerning how the confidential informant knew Galloway and how the informant came to be in Galloway's apartment. Additionally, the officer told the

---

[3] However, it is equally clear that neither this Court nor the trial court can consider information that was not made available to the judge who issued the warrant. *Lyons v. State*, 258 Ga. App. 9, 10 (1) (572 SE2d 632) (2002).

magistrate that he knew the confidential informant, that on several occasions in the past the informant had provided him with information that he had found to be reliable, and that he still considered the informant to be reliable.[4]

As we have previously cautioned, police officers seeking a warrant should provide the magistrate or trial judge with all information at their disposal concerning a source's reliability. See *State v. Lejeune*, 276 Ga. 179, 180-181 (1) (576 SE2d 888) (2003). Although it appears that the police officer in this case possibly could have provided the magistrate with more detail concerning the informant's past reliability such as the type of information the informant provided on previous occasions, the use made of that information and whether it was in fact useful, and the time frame of the past information in comparison to the more recent information, see *Zorn*, 291 Ga. App. at 614 (1), considering the totality of the circumstances provided to the

---

[4] The officer also testified that he corroborated the confidential informant's information by assigning agents to drive by the apartment to confirm the location of the apartment and the vehicles parked there. However, corroboration of such "minor" public facts such as the outward appearance or location of a residence or vehicle is not sufficient to demonstrate reliability. E.g., *Land v. State*, 259 Ga. App. 860, 862 (578 SE2d 551) (2003); *Robertson v. State*, 236 Ga. App. 68, 70 (510 SE2d 914) (1999). Further, for purposes of our analysis here, we do not consider the hearsay information provided by the other officer from another unnamed source since nothing about that source's reliability was included in the affidavit or otherwise provided to the magistrate.

magistrate, including information about the confidential informant's relationship with Galloway and how he came to be in his apartment; that the officer knew the informant and found his information to be reliable in the past; the recent time frame for when the informant had been in the apartment and viewed suspected drugs and paraphernalia; the fact that the informant told the officer that there was a gun in the residence; and the officer confirmed that the occupants were convicted felons, we conclude that the information relayed to the magistrate provided a substantial basis for the magistrate's finding of probable cause. Accordingly, the trial court did not err by denying Galloway's motion to suppress. E.g., *Price v. State*, 297 Ga. App. 501, 504 (677 SE2d 683) (2009); *Claire v. State*, 247 Ga. App. 648, 649 (544 SE2d 537) (2001); *Roberson*, 246 Ga. App. at 535 (1); *Mitchell v. State*, 239 Ga. App. 735, 736 (1) (521 SE2d 873) (1999); *Sawyer v. State*, 227 Ga. App. 493, 494 (2) (489 SE2d 518) (1997).

*Judgment affirmed. Barnes, P. J., and Ray, J., concur*.