**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 3, 2016**

# In the Court of Appeals of Georgia

A16A0266. STATE v. DOTSON et al.

MILLER, Presiding Judge.

Following a warrant search of his residence, Arthur James Dotson ("Dotson") and his brother, Donte Dotson (collectively "the Dotsons"), were indicted for manufacturing marijuana, other drug offenses, and two firearms offenses. The Dotsons filed a motion to suppress the evidence seized during the search of Dotson's residence. The trial court granted the Dotsons' motion, and the State appeals, arguing that the trial court erred in concluding that the search of Dotson's residence was not supported by probable cause. For the reasons set forth herein, we reverse.

On appellate review of a trial court's ruling on a motion to suppress, we accept the trial court's decisions with regard to questions of fact and credibility unless they are clearly erroneous. See *Brown v. State*, 293 Ga. 787, 802-803 (3) (b) (2) (750 SE2d

148) (2013). The trial court's application of the law to undisputed facts, however, is subject to de novo review. See *State v. Palmer*, 285 Ga. 75, 78 (673 SE2d 237) (2009).

In Georgia, "a judicial officer may issue a search warrant, upon a showing of probable cause and the inclusion of particular descriptions of the place to be searched and the items to be seized." *Brogdon v. State*, 287 Ga. 528 (697 SE2d 211) (2010); see also OCGA § 17-5-21 (a); *Sullivan v. State*, 284 Ga. 358, 360-361 (2) (667 SE2d 32) (2008) ("A search warrant will only issue upon facts sufficient to show probable cause that a crime is being committed or has been committed.") (citation and punctuation omitted). An affidavit in support of a search warrant "must allow [the] magistrate to make an independent determination of probable cause based upon [the] facts." *Shirley v. State*, 297 Ga. 722, 724 (777 SE2d 444) (2015).

> [The] magistrate's task in determining if probable cause exists to issue a search warrant is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Our duty in reviewing the magistrate's decision in this case is to determine if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrants. A magistrate's decision to issue a

2

search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court. . . . Even doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper.

(Citation and punctuation omitted.) Id. at 723-724; see also *Glenn v. State*, 288 Ga. 462, 466 (2) (b) (704 SE2d 794) (2010) (affidavit in support of search warrant contained sufficient information from which magistrate could determine that there was a fair probability that evidence of a crime would be found at the search sites).

So viewed, the record shows that, over a period of several weeks prior to June 9, 2014, a sergeant with the Effingham County Sheriff's Office received complaints from neighbors regarding Dotson's residence, which was located at 131 Murchison Road. The neighbors complained that Dotson was shooting guns outside his residence at all times of the day, causing several senior citizens to fear for their safety. On June 9, the sergeant received another call indicating that Dotson was shooting firearms outside his residence as recently as the day before. Each caller stated that they feared Dotson and wished to remain anonymous.

The sergeant searched county incidents reports and found no other calls or complaints from the area residents other than one sick person call, which indicated to the sergeant that the residents were good citizens who called "solely out of concern

3

for their safety." The sergeant then ran a criminal background check on Dotson. The background check showed that Dotson had several prior felony drug and weapons convictions, including prior felony convictions for carrying a concealed weapon and possession of marijuana. The sergeant included all of this information in an affidavit which he prepared in support of a warrant to search Dotson's residence for "weapons including but not limited [to], handguns, long guns. weapons parts, ammunition and any other items related to firearms."

In the affidavit, the sergeant described Dotson's residence as a single-wide white mobile home with green shutters (hereinafter the "back trailer") located at 131 Murchison Road. The back trailer was located directly behind another mobile home at the same address (hereinafter the "front trailer"). Finally, the affidavit set forth the sergeant's credentials, including the fact that the sergeant was an investigator in the county sheriff's drug enforcement unit and had been involved in numerous investigations associated with drug operations. Based on the sergeant's affidavit, an Effingham County magistrate judge issued a warrant to search the back trailer located at 131 Murchison Road as well as its curtilage and outbuildings.

After the magistrate judge signed the warrant, the sergeant, a corporal, and three to four investigators searched the back trailer. The sergeant and the others drove

to the back trailer, knocked on the door, and informed Dotson why they were there. Dotson and a woman came outside and stayed on the porch during the search.[1] The officers seized two mason jars of marijuana from the back trailer and several spent shotgun shells from the yard behind the back trailer.

When the sergeant and the others finished the search of the back trailer, they drove past the front trailer. As they drove by, one of the investigators saw what appeared to be several marijuana plants in the yard around the front trailer's back porch. When no one answered the door at the front trailer, the sergeant telephoned the sheriff's office and gave them the information needed to apply for a second warrant to search the front trailer.

The sergeant also prepared a second affidavit, which described the front trailer as a single-wide tan mobile home with gray shutters that was located directly in front of the back trailer at 131 Murchison Road. The second affidavit stated that the front trailer had two wooden porches – a small one on the front and a larger one on the rear. The second affidavit also described the marijuana plants which the officers saw in plain view behind the front trailer after they searched the back trailer.

---

[1] The back trailer was furnished only with some exercise equipment, a sleeping bag, and a pillow.

Based on the second affidavit, a magistrate judge issued a search warrant for the front trailer. During the warrant search of the front trailer the officers seized more jars of marijuana, a shotgun, and scales. The officers also seized Dotson's driver's license and other personal effects.

1. The State contends that the trial court erred in concluding that the search of the back trailer was not supported by probable cause. We agree.

In this case, the affidavit in support of the first search warrant described the back trailer, its location, and the area to be searched. In relevant part, the affidavit also conveyed the following information to the issuing magistrate: Dotson's neighbors had complained to police that Dotson was shooting guns outside his residence at all times of the day; several senior citizens feared for their safety; and Dotson had a felony record, including convictions for concealed weapons charges and marijuana possession.

These facts – namely, the multiple calls from concerned citizens and Dotson's prior convictions for felony drug and firearms offenses – were sufficient to allow the magistrate to make an independent determination of probable cause that a crime was being or had been committed and supported the magistrate's decision to issue the first search warrant. See *Glenn*, supra, 288 Ga. at 466 (2) (b) (applications for search

warrant of defendant's apartment contained sufficient information from which judicial officer could determine that evidence of a crime would be found); *Gallaway v. State*, 332 Ga. App. 389, 392 (772 SE2d 832) (2015) (information relayed to magistrate provided a substantial basis for magistrate's finding of probable cause to issue search warrant). Moreover, in determining that probable cause existed to issue the search warrant, the magistrate was entitled to consider the totality of the information before him, including the hearsay statements of the anonymous callers, because there was a substantial basis for crediting that hearsay, i.e., multiple calls from frightened senior citizens, who each reported that Dotson was shooting firearms outside his residence at all times of the day, combined with Dotson's prior felony convictions for drug and weapons offenses. See *Ward v. State*, 234 Ga. 882, 883 (218 SE2d 591) (1975) ("Hearsay can be the basis for issuance of a warrant so long as there is a substantial basis for crediting the hearsay.") (citation and punctuation omitted); *Tukes v. State*, 238 Ga. 114, 115 (1) (230 SE2d 841) (1976) (defendant's contention that warrant lacked probable cause because it was partially based upon

7

hearsay was meritless where affidavit set forth ample facts supporting magistrate's finding of probable cause).[2]

2. The State also contends that the search of the front trailer was supported by probable cause. Again, we agree, because the officers saw the marijuana plants in plain view in the yard around the front trailer's back porch, immediately after they finished the lawful search of the back trailer, and the officers then obtained a warrant to search the front trailer. Accordingly, the officers lawfully seized the marijuana and other items found in and around the front trailer. See *Glenn v. State*, 285 Ga. App. 872, 874 (648 SE2d 177) (2007) (holding that plain view doctrine authorizes officer to seize illegal item when officer is lawfully in a place where he can see the item and officer gains lawful access to item in plain view by obtaining a search warrant).

In sum, both the warrant search of the back trailer and the subsequent warrant search of the front trailer were lawful and were supported by probable cause. Accordingly, the trial court erred in granting the Dotsons' motion to suppress.

*Judgment reversed. McFadden and McMillian, JJ., concur*.

---

[2] Compare *State v. Lejeune*, 276 Ga. 179, 181-182 (1) (576 SE2d 888) (2003) (affidavit based on unsupported hearsay did not provide magistrate with substantial basis for concluding that probable cause existed to issue search warrant).